### HINTON v. UNITED STATES.
#### Nos. 11167, 11168.

United States Court of Appeals
District of Columbia Circuit.

Argued April 7, 1952.

Decided May 15, 1952.

Thomas B. Scott, Washington, D. C., appointed by the District Court, for appellant.

Bruce G. Sundlun, Sp. Asst. to Atty. Gen., Department of Justice, with whom Charles M. Irelan, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. George Morris Fay, U. S. Atty., and Joseph F. Goetten, Asst. U. S. Atty., when the record was filed, Washington, D. C., entered appearances for appellee.

Before EDGERTON, PRETTYMAN, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

These appeals are from convictions under two indictments, tried together, each of which charged the present appellant with taking "immoral, improper, and indecent liberties" with a little girl. 62 Stat. 347, D. C.Code (1940), Supp. VII, § 22–3501(a). The girls were sisters whom we will call A and B. A was six years old and B eight. Neither child was present at the alleged offense against the other.

In each case the testimony of the child concerned was practically the only evidence having any tendency to prove a crime. A doctor who testified to a small irregular reddened area and a slight yellowish-green discharge in A's genital region testified also that this condition "could have been caused by any number of things. * * * It could have been an irritation due to contact with moistures such as infant's diaper rash or whatever you might like to call it. Q. Could that have been caused by contact with some other substance, for instance, someone rubbing it? A. Yes, I believe so." He testified that the child's condition might have been caused by her scratching herself, and that children often cause this condition in this way.

In court, A gave consistent testimony against "Mr. Johnnie", the appellant. But she had previously told two different stories, each entirely inconsistent with the other and with her testimony at the trial. Her mother testified that when she found a discharge on the child's underclothing she "asked her, I said who had been touching you, just like that. She said nobody, and I said yes, there has somebody been touching you. She said no, it hasn't. I said if you don't tell who has been touching you, I will

kill you; like that. She said 'A lady'. I said what lady? She said she lived around the corner. I say 'You come around and you are going to show me where the lady lives.' I taken her around the block as much as three times and I said 'Where does the lady live at?' She said, 'I don't know,' so I had my husband bring her to the hospital. * * * Q. Did she ever tell you that a man named Johnnie did that? A. No, she didn't tell me." On the witness stand the child admitted having told her mother it was a lady who did what the child testified the appellant did.

The government's case in respect to the alleged assault on B was quite as weak. B, like A, consistently accused the appellant at the trial. But unlike A, no marks were ever found on B or on her clothing. Her medical examination was wholly negative. And until after A had made her accusation against the appellant, B did not intimate that anyone had touched her or attempted to do so. Even then, B's first statement to her mother was that " 'A man started to touch me but I ran' " and the man did not touch her. She neither said she had been touched, nor mentioned the appellant, until later.

The trial judge considered the cases "very weak on the evidence" but thought this court should have an opportunity to rule on the sufficiency of the evidence. Accordingly he submitted the cases to the jury. We must reverse both convictions because in our opinion reasonable doubt of appellant's guilt is inescapable in each case. It is of course true that self-contradiction by the government's sole eye-witness is not always fatal to the government's case, for circumstances may prove a defendant's guilt beyond reasonable doubt. But there are no such circumstances here. The mere fact that A and B, when on the witness stand, each stuck to one of her several different stories is not such a circumstance. We need not consider appellant's other contentions.

Reversed