## DORAN v. UNITED STATES.
### No. 11567.

United States Court of Appeals
District of Columbia Circuit.

Argued April 24, 1953.

Decided June 4, 1953.

Writ of Certiorari Denied Oct. 12, 1953.

See 74 S.Ct. 49.

Louis S. Papa and Edward J. Skeens, Washington, D. C., for appellant.

William R. Glendon, Asst. U. S. Atty., Washington, D. C., at time of argument, with whom Emory W. Reisinger, II, Asst. U. S. Atty., Washington, D. C., at time of argument, was on the ·brief for appellee. Charles M. Irelan, U. S. Atty., Washing-ton, D. C., at time brief was filed, was also on the brief for appellee. Leo A. Rover, U. S. Atty., Washington, D. C., and Joseph M. Howard, Asst. U. S. Atty., at time record was filed, entered appearances for appellee.

Before CLARK, BAZELON and WASHINGTON, Circuit Judges.

CLARK, Circuit Judge.

Appellant was convicted of committing an indecent act on a minor in violation of Section 3501(a) of Title 22 of the District of Columbia Code.[1] The principal error claimed relates to the competency of the sole corroborating eyewitness, a ten-year old girl.

The record discloses that when the child was called to the stand she testified that she did not know what it meant to tell the truth or to swear to tell the truth nor did she know what would happen to a person who swore to tell the truth but told a "story" instead. But persistent questioning by the trial judge elicited the information that she did know what it was to tell a ˙story; that she must not tell a story if she swore to tell the truth; that she would not tell anything that was not the truth; and that she understood she would be punished if she told something that was not the truth. The court, over objection, permitted the witness to be sworn, and what she said ultimately turned out to be the only direct evidence corroborative of the testimony of the complaining witness.

There is no rule of law in the District of Columbia which conclusively presumes that a child under a certain age lacks the capacity to testify. See, In re Lewis, D.C.Mun.App. 1952, 88 A.2d 582. The competency of a child is a matter within the discretion of the trial judge and his decision will not be disturbed unless clearly erroneous, Wheeler v. United States, 1895, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244; 2 Wigmore, Evidence, § 507 (3rd ed. 1940), for he is in a much better position than any appellate tribunal to consider and to weigh all of the im-

palpable factors which should be taken into account, such as the attitude and demeanor of the witness, the extent of her intelligence and the degree of moral responsibility of which she might be capable. Williams v. United States, 1894, 3 App. D.C. 335. Before passing on competency, the court may resort to any examination which might disclose whether the child understands and appreciates the difference between right and wrong and whether she has the required capacity of observation, recollection, and communication (the test suggested by Wigmore).[2] Answers to abstract questions, however, do not necessarily qualify or disqualify, a child as a witness, for, whatever the answer to a specific query the court must make its decision upon the entire examination, including the somewhat intangible factors referred to above. See, generally, Beausoliel v. United States, 1939, 71 App.D.C. 111, 107 F.2d 292. A reasonable decision was made in the instant case and we see no basis for disturbing it.

Appellant claims, however, that the judge did not really resolve the question of the competency of the witness but permitted the jury to decide whether she had the necessary qualifications. The record shows that Judge Morris stated, after completing his questioning of the child, "Go ahead and administer the oath. We just have to do the best we can." We interpret that statement as a ruling that the witness was competent to give testimony. It is true that the judge added, "I think the jury heard her. They are the judges." But that comment, as we read it, referred not to the competency of the witness but to the weight to be given to her testimony, a matter properly within the province of the jury. See Fowel v. Wood, D.C.Mun.App.1948, 62 A.2d 636.

We have considered appellant's contention that circumstantial evidence alone is not sufficient corroboration in a case of this character, but in view of our ruling that the direct corroborating testimony of the child was properly admitted we need not decide that issue.

Affirmed.

2. 2 Wigmore, Evidence, § 506 (3rd ed. 1940).