**Henry WILSON, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 15102.

United States Court of Appeals District of Columbia Circuit.

Argued June 16, 1959.

Decided Oct. 1, 1959.

Mr. Neil N. Bernstein, Washington, D. C. (appointed by this court) for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, BAZELON, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant was convicted of taking indecent liberties with a child. D.C.Code (1951) § 22–3501(a), 62 Stat. 347. The child was an eleven year old girl. As in Benton v. United States, "testimony upon which the conviction rests came from the child and was denied by the accused." 88 U.S.App.D.C. 158, 159, 188 F.2d 625, 626.

Appellant was guilty if anyone was, for he alone was with the child at the time of the alleged offense. But there was no evidence of any sort, except the testimony of the child herself, that anyone took indecent liberties with her. In the conventional phrase, there was no corroboration of the corpus delicti.

The appellant in Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150, had been convicted of inviting another person to accompany him for a lewd and immoral purpose. D.C.Code (1951) § 22–2701, 62 Stat. 346. The disputed testimony of the complaining witness was the only evidence of such an invitation. Although we did not say that corroboration of the corpus delicti was required, we did say there was "ample precedent for a ruling by this court that in certain cases the uncorroborated testimony of one witness will not support a conviction", and we reversed the conviction "for lack of the requisite proof to convict." We said: "The case before us lies in a field in which our courts have traditionally been unusually skeptical toward the accusation. This has been true of all the so-called sex offenses." 90 U.S.App.D.C. at pages 127, 130, 128, 194 F.2d at pages 153, 156, 153. Cf. 3 Wigmore, Evidence, § 924b, (3d ed. 1940), 7 Wigmore, Evidence, § 2061 (3d ed. 1940).

The complaining witness in the Kelly case was a policeman. A woman's uncorroborated tale of a sex offense is not

more reliable than a man's. A young child's is far less reliable. "It is well recognized that children are more highly suggestible than adults. Sexual activity, with the aura of mystery that adults create about it, confuses and fascinates them. Moreover, they have, of course, no real understanding of the serious consequences of the charges they make. As a consequence most courts show an admirable reluctance to accept the unsubstantiated testimony of children in sexual crimes." Guttmacher and Weihofen, Psychiatry and the Law (1952), p. 374.

Wigmore says: "No judge should ever let a sex-offence charge go to the jury unless the female complainant's social history and mental makeup have been examined and testified to by a qualified physician." 3 Wigmore, Evidence, § 924a (3d ed. 1940). He quotes from a 1937–38 Report of the American Bar Association's Committee on the Improvement of the Law of Evidence: "Today it is *unanimously* held (and we say 'unanimously' advisedly) by experienced psychiatrists that the complainant woman in a sex offense should *always* be examined by competent experts to ascertain whether she suffers from some mental or moral delusion or tendency, frequently found especially in young girls, causing distortion of the imagination in sex cases." We have not adopted that view and do not adopt it now. But its existence has some tendency to confirm the traditional skepticism of courts toward the present sort of accusation.

In cases involving young girls, we have held that "the corpus delicti in a case such as this may not be established by the victim's spontaneous declaration". Fountain v. United States, 98 U.S.App. D.C. 389, 391, 236 F.2d 684, 686. Jones v. United States, 97 U.S.App.D.C. 291, 231 F.2d 244. And in Brown v. United States, 80 U.S.App.D.C. 270, 271, 152 F.2d 138, 139, we said: "We do not minimize the importance of a young child's spontaneous exclamations. They may be much more valuable than her testimony on the witness stand." On the other hand, her testimony is subject to the test of cross-examination, and if it meets that test it may be more valuable than her spontaneous exclamations. However that may be, we now hold that the corpus delicti in a case such as this may not be established by the child's uncorroborated testimony on the witness stand. The adequacy of particular kinds and amounts of corroboration must be left for decision in particular cases as they arise.

Reversed.

FAHY, Circuit Judge, concurs in the result.