**Paul R. GREEN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16156.**

United States Court of Appeals District of Columbia Circuit.

Argued March 29, 1961.

Decided April 20, 1961.

Petition for Rehearing En Banc Denied May 12, 1961.

Mr. Joseph DuCoeur, Washington, D. C. (appointed by this court), for appellant.

Miss Doris H. Spangenburg, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before FAHY, BASTIAN and BURGER, Circuit Judges

PER CURIAM.

Appellant contends that his conviction for robbery must be reversed because the identification of him as one of the attackers was insufficient. The complainant picked appellant as his attacker in a police lineup when he was arrested five months after the attack and unequivocally identified him at the trial. Appellant makes a vigorous attack on the complainant's credibility relying on inconsistent prior statements of the complainant. Complainant freely admitted prior statements which were inconsistent with his testimony on trial. Appellant was near the scene at about the time of the attack. The credibility of his alibi witness, who placed him in a tourist home nearby, must be considered in the light of the fact she had become appellant's wife after the date of the alleged robbery. At best her testimony, if believed, did not rule out the possibility that appellant could have taken part in the robbery and gone to the tourist home immediately thereafter.

▮▮ Viewing the entire record we conclude that while the conflict in the testimony and the prior inconsistent statements of the complainant were such

---

as to permit some degree of doubt, they do not compel a reasonable doubt about guilt. "In our jurisprudence the credibility of witnesses and the derivation of the truth from oral testimony are reposed in the hearer of the witnesses." Wigfall v. United States, 1956, 97 U.S. App.D.C. 252, 253, 230 F.2d 220, 221. Hinton v. United States, 1952, 91 U.S. App.D.C. 13, 196 F.2d 605 is not applicable.

We have considered the contentions and the record relating to rulings of the District Court and find no error.

Affirmed.