(No. 38412.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM CHATEN, Plaintiff in Error.

*Opinion filed March 18, 1965.—Rehearing denied May 19, 1965.*

BENNETT B. HARVEY, JR., of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and WILLIAM J. NELLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant, William Chaten, was indicted in the criminal court of Cook County for the offense of indecent liberties with two minor children. He was tried by the court without a jury, found guilty and sentenced to a term of 15 to 20 years in the penitentiary.

On this writ of error the defendant makes three contentions: (1) that the evidence at the trial was insufficient to prove him guilty beyond a reasonable doubt; (2) that he was deprived of his liberty without due process of law

in that he was not represented by counsel during the early stages of the proceedings against him; and (3) that he was further deprived of due process of law since he could not afford to hire a psychiatrist and the State did not appoint one for him.

The conviction of the defendant rests in the main upon the testimony of Frank Massey, age 11 and his brother George Massey, age 8. These two boys and three companions were together on the evening of May 28, 1962, in a school parking lot in Chicago in which the defendant was also present drinking beer. The defendant offered each of the boys a dime for their co-operation, and they all walked to the outdoor portion of a basement of a nearby apartment building.

At the trial both Frank and George Massey explained in detail how the defendant engaged in sexual deviate conduct with each of them. While defendant was thus engaged with one of the other boys, Frank Massey left the scene, went home and told his mother what had happened. Raymond Stanley happened to be a guest in the Massey home at that time which was about 8 P.M. Thereupon Mrs. Massey, Raymond Stanley and Frank Massey walked back to the parking lot. Stanley went to the back part of the lot, looked over the fence and saw a man seated on some steps surrounded by children. As Stanley climbed over the fence and approached the defendant, the defendant fled from the scene, and although Stanley pursued the defendant, he did not reach him.

A short while later, when Stanley, Mrs. Massey and the boys were standing outside the Massey home, the defendant walked by. Stanley started toward him, whereupon Frank Massey called, "There he is, momma. There he is momma." Stanley called to the defendant to "wait a minute." The defendant then reached into his pocket whereupon Stanley hit him, causing him to fall to the ground. A six-inch knife fell beside him.

At about 8:30 P.M. two police officers responding to a radio call joined Mrs. Massey, Stanley, the five boys and the defendant who still was seated on the ground beside them. Thereupon, in the defendant's presence, Mrs. Massey, Frank Massey, George Massey and two of the other three boys stated what had happened and what they had seen. Defendant remained silent.

The defendant attacks the testimony of the Massey brothers on the ground that they did not appreciate the necessity of telling the truth. Preceding the direct testimony of each of the boys the trial judge conducted an inquiry into the witnesses' aptitude, intelligence and competency, and decided both were competent. We are not disposed to disagree with the trial judge who saw and heard the witnesses. (*Doran* v. *United States,* (D.C. cir.) 205 F.2d 717). We do not think that the testimony of the boys showed any lack of competency as defendant contends. While there are a few minor contradictions as to some of the details of the scene of the crime, they are insufficient to overrun the main part of the testimony. *People* v. *Rasof,* 363 Ill. 431, 437; *People* v. *Cole,* 30 Ill.2d 375, 378.

In further support of the finding of the trial judge was the evidence of the silence of the defendant in the face of accusations. (*People* v. *Bush,* 29 Ill.2d 367, 372.) There is nothing in the record to indicate that this silence was induced by such circumstances as fear of bodily harm, physical pain and suffering, or advice of counsel. In these circumstances the evidence of the silence of the defendant was properly admitted. See Anno, 77 A.L.R.2d 463.

This brings us to a consideration of the defendant's contention that he was deprived of due process of law due to lack of counsel at "critical" stages of the proceedings against him. It appears that defendant was represented by counsel at all stages of the post-indictment proceedings but not at the time of his initial arrest and questioning by police officers. Defendant contends that evidence as to his silence

was damaging and that such evidence might not have been obtained if he had been represented by counsel. It does not appear from the record nor does defendant now contend that he ever requested counsel at these times. Under these circumstances we conclude that there is no showing of any deprivation of due process of law.

The defendant was indicted on May 28, 1962, and arraigned on August 23, 1962. A psychiatric examination was ordered upon defense motion and the cause was continued. Two psychiatrists appointed by the court made psychiatric reports to the court on November 21, 1962, and copies of the reports were furnished to the defendant. The defendant was then tried.

Defendant contends that he was unable to establish his insanity since the court did not "provide psychiatric help", and because the defendant was not afforded an opportunity to cross-examine the psychiatrists who made the psychiatric reports to the court. However, the need or suitability of a sanity hearing was never raised by the defendant at the time of his trial, and there is no indication that the sanity of the defendant was ever an issue in the trial court proceedings. The only question presented in the trial court was the credibility of the complaining witnesses, and the defense never manifested an intention to combat the presumption that at the moment of the commission of the crime, the defendant was mentally equipped to distinguish between right and wrong. Defendant did not request the court to appoint a psychiatrist to examine him, and the accuracy of the pretrial psychiatric reports was never questioned. The record does not support defendant's contention that he was deprived of due process of law.

The judgment of the circuit court of Cook County, criminal division, is affirmed.

*Judgment affirmed.*