**Ray POCATELLO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21838.**

United States Court of Appeals
Ninth Circuit.

March 20, 1968.

Isaac McDougall (argued), Pocatello, Idaho, for appellant.

Clarence D. Suiter (argued), Asst. U. S. Atty., Sylvan A. Jeppesen, U. S. Atty., Boise, Idaho, for appellee.

Before POPE and BROWNING, Circuit Judges, and JAMESON, District Judge.

PER CURIAM:

■ In a trial before the court without a jury, defendant-appellant, an Indian, was found guilty of forcible rape upon a five-year old female Indian and was committed for imprisonment for a period of 35 years.[1] The offense was committed on the Fort Hall Indian Reservation in the State of Idaho and "within Indian country". Hence, the district court had jurisdiction under 18 U.S.C. § 1153.

■ The crime of "rape"[2] is included among the offenses over which the federal courts have jurisdiction under section 1153, which provides that the "offense of rape shall be defined in accordance with the laws of the State in which the offense was committed * * *". Section 18–6101 of the Idaho Code provides in pertinent part:

> "Rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances:
>
> * * * * * *
>
> 3. Where she resists, but her resisttance is overcome by force or violence.
>
> * * * * * *
>
> 5. Where she is at the time unconscious of the nature of the act, and this is known to the accused.
>
> * * * * * * ".

■ Under the testimony of the five-year old victim, corroborated by her seven-year old sister, there was ample evidence to sustain the trial court's finding that the defendant was guilty of the offense charged. A physician who examined the victim a few months after the alleged offense testified that something had penetrated the child's sexual organs.[3]

■■ The competency of a child as a witness is a matter within the discre-

---

1. The appellate court has no power to modify or reduce the sentence. Pependrea v. United States, 9 Cir. 1960, 275 F. 2d 325, 329. Any motion for reduction of sentence must be addressed to the district court under Rule 35, F.R.Crim.P.

2. This does not include statutory rape or carnal knowledge. United States v. Rider, 9 Cir. 1960, 282 F.2d 476. Carnal knowledge was added to the list of offenses included within section 1153 by amendment of November 2, 1966, Pub.L. 89–707, subsequent to the offense charged in this case.

3. The physician could not of course tell what object had penetrated the child, but he testified that her hymenal membrane had been ruptured and that the vagina was large enough to permit penetration of anything up to the size of a sexual organ of an adult male.

tion of the trial judge and his decision will not be disturbed unless clearly erroneous.[4] Counsel for the Government was required by the court to "qualify" the two child witnesses. There was no objection to the testimony of either on the ground of incompetency. The court was fully justified in finding that both witnesses appreciated the difference between truth and falsehood and had the required capacity for observation, recollection and communication.[5]

Finding no error, we affirm.

4. See Wheeler v. United States, 1895, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244, where the Court held the competency of a young child to testify "depends on the capacity and the intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former", and concluded that the trial court had not erred in admitting the testimony of a boy nearly five and a half years old at the time of trial and a little less than five years old when he witnessed a homicide.

5. See Doran v. United States, 1953, 92 U.S.App.D.C. 305, 205 F.2d 717, cert. den., 346 U.S. 828, 74 S.Ct. 49, 98 L.Ed. 352.