Bobby DAVIS, Appellant,

v.

UNITED STATES, Appellee.

Lawrence E. BALTHROP a/k/a Lawrence Ferguson, Appellant,

v.

UNITED STATES, Appellee.

Nos. 5370, 5383.

District of Columbia Court of Appeals.

Argued Nov. 23, 1970.

Decided Jan. 12, 1971.

Charles A. Kubinski, Washington, D. C., appointed by this court, for Bobby Davis.

John O. Harper, Washington, D. C., appointed by this court, for Lawrence E. Balthrop.

John S. Ransom, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Barry W. Levine, Asst. U. S. Attys., were on the briefs, for appellee.

Before HOOD, Chief Judge, and KELLY and REILLY, Associate Judges.

PER CURIAM:

These appeals are from convictions by the court of petit larceny[1] and assault.[2]

Sentences of 360 days on each charge were imposed, to run concurrently. We affirm.

The complaining witness, Charles Chase, testified in substance that at about 8:45 p. m. on January 2, 1970, he was attacked in front of his home by four persons who knocked him to the ground and took his identification, his keys, and his money. As his assailants left the scene they walked beneath a street light approximately twenty feet away and Chase was able to see their faces clearly when they turned and looked in his direction. He recognized appellants, both of whom he knew personally prior to the attack, as two of his assailants. Maretta .Chase, complainant's daughter, testified that three days later, on January 5, 1970, she observed appellants attempting to unlock the door of the home with her father's keys, but that they were unsuccessful because the locks on the doors had been changed. She had also known appellants prior to the attack on her father.

■ Appellants argue that complainant's daughter, who was twelve years of age, was not sufficiently qualified by the court as competent to testify as a witness.[3] However, while the trial judge interrogated the witness only briefly, neither counsel felt it necessary to question her further on the issue of competency. Moreover, counsel for appellant Balthrop stipulated to the witness' qualification and no objection to her testimony was made by counsel for appellant Davis. Under these circumstances, there was no abuse of discretion in permitting the witness to testify.[4]

1. D.C.Code 1967, § 22–2202.

2. D.C.Code 1967, § 22–504. Appellant Davis was also convicted of attempted burglary II. D.C.Code 1967, § 22–103.

3. *See, e. g.,* Doran v. United States, 92 U. S.App.D.C. 305, 205 F.2d 717, cert. denied, 346 U.S. 828, 74 S.Ct. 49, 98 L.Ed. 352 (1953).

4. Appellants also allege that Maretta Chase was not sworn as a witness. Although the record is unclear on whether or not she was sworn, the failure to swear a witness, in the absence of an objection, is harmless error. Beausoliel v. United States, 71 App.D.C. 111, 113, 107 F.2d 292, 294 (1939).

■ Appellant Davis contends that it was error to admit the testimony of Officer Charles Sears concerning events occurring on April 17, 1970, when the officer attempted to execute a warrant for appellant Balthrop's arrest. Davis attempted to interfere and, as a result of the ensuing altercation, was charged with disorderly conduct. While this testimony may have had no relevance to the alleged assault of May 26th, we are persuaded upon review of the entire record that any error in its admission was harmless.

■ Appellant Balthrop claims that the court erred in accepting the testimony of complainant as to the identity of his assailants. However, the reliability of identification testimony under the fact situation presented was for the trial court to assess, and since there was evidence of record to support its determination of this issue, we find no error.

■ Appellant Balthrop also argues that the presiding judge became so annoyed or distracted by trial counsel that it caused him to prejudge the issue of guilt and to disregard the testimony introduced by Balthrop's witnesses to establish his defense of alibi. We do discern from the record evidence of a certain degree of tension which developed between court and counsel during the course of trial, but cannot say that it was of such magnitude as to deny appellant Balthrop a fair and impartial trial.

Affirmed.