Victor J. MOORE, Appellant,

v.

UNITED STATES, Appellee.

No. 6680.

District of Columbia Court of Appeals.

Argued March 28, 1973.

Decided June 15, 1973.

Noel H. Thompson, Arlington, Va., appointed by this court, for appellant.

Richard L. Beizer, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Eric B. Marcy, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.

GALLAGHER, Associate Judge:

This appeal is from a conviction in a nonjury trial for violation of D.C.Code 1967, § 22–3501(b), enticing a minor child to a place for purposes of taking immoral, improper, or indecent liberties with such child.[1] Appellant contends the testimony of the child was insufficiently corroborated by independent evidence to establish each element of the offense.

The child, aged ten,[2] testified that on December 26, 1971, while walking her dog, she passed appellant's apartment building. According to the girl, appellant appeared at the second floor window and asked her to mail a letter for him. She said she then walked toward the front door of the building when appellant opened the door and "snatched" her. The door, she said, was locked from the inside so she would have been unable to open it herself. Appellant picked her up, took her to his apartment, set her down and locked the door. He asked her if she wanted some ice cream, candy, and if she wanted to play a game, to which she responded negatively. She testified he then pulled her outer pants

---

1. Appellant received a suspended sentence and was placed on probation for five years.

2. The trial court found her to be a competent witness.

down to her knees. At this point she took her coat, unlocked the door and went home to her mother.

The mother testified she told her this same story upon arrival and said the child was excited. The mother summoned the police immediately.

The arresting officer testified that when he arrived at appellant's building with the child the front door was locked.[3] A tenant opened the door in response to the officer's knocking. Upon entering the building the officer saw three men at the top of the stairs, one of whom, appellant, was identified by the child. They then went into appellant's apartment where the officer advised him of his rights and placed him under arrest. While inside the officer noticed toys scattered about on the floor and also noticed some women's apparel in the living room but did not see anyone else in the apartment.

At the precinct station following the arrest, appellant stated he was alone, cleaning the apartment, when the child looked in the open apartment door and asked to come in and play with the toys. Appellant permitted her to play with the toys but denied enticing, touching, or molesting her.

At trial, however, appellant testified that, contrary to what he had said at the precinct station, his wife had actually been in the apartment at the time the child was there, but he had not told the police of her presence because he was not aware he was under arrest and did not think the charge was serious enough to warrant involving his wife. The wife also testified she was present at the time although there were certain differences between her version and her husband's. He maintained that although the child had been in the apartment, he never touched her.

In addition, two occupants of appellant's building testified in his behalf that the wife had been present while the child was in the apartment and that the apartment door had been open. The trial judge credited the government testimony but found appellant's testimony, as well as the testimony of his witnesses, not credible.[4]

The uncorroborated testimony of the complaining witness is, of course, insufficient to establish the corpus delicti in a case such as this. Wilson v. United States, 106 U.S.App.D.C. 226, 271 F.2d 492 (1959). Corroboration in a "sex case," however, may be circumstantial. United States v. Jones, 477 F.2d 1213, 1218 (D.C.Cir., 1973). The primary reason for requiring corroboration is to minimize the danger of falsification. Id.

> Simply put, the principle emerging . . . is that the independent corroborative evidence will be regarded as sufficient when it would permit the jury to conclude beyond a reasonable doubt that the victim's account of the crime was not a fabrication. [United States v. Gray, 477 F.2d 444 (D.C.Cir., 1973).]

In Jones, supra, the circumstances surrounding the crime were established primarily by the victim's testimony: the make, color, and other details of the car the defendant was driving; the scene of the rape; and the rapist's identity. The corroborative evidence of the crime itself consisted only of medical testimony "*consistent* with penetration" (emphasis added) (at 1219 of 477 F.2d) and the victim's emotional state at the time she reported the crime.

Here appellant admits the girl was in the apartment at the time in question. The child's admitted presence in appellant's apartment is consistent with her version of

---

3. The child had also testified previously the front door was locked.

4. Although we uphold the conviction in this case, we note that the facts in this record leave nothing to spare in support of the conviction.

what took place there. In addition, the officer testified the building door had been locked, thus corroborating the girl's testimony that someone[5] had opened the door for her. These factors, coupled with the child's "excited" state when she promptly reported the incident to her mother, lead us to believe the fact finder could "conclude beyond a reasonable doubt that the victim's account of the crime was not a fabrication." United States v. Gray, *supra* at 445. Consequently, we feel there was sufficient corroboration of the victim's testimony on which to base a finding of guilty to the offense charged.

Appellant also claims the statute upon which his conviction is based is unconstitutionally vague. The statute, D.C.Code 1967, § 22–3501 reads:

(a) Any person who shall take, or attempt to take any immoral, improper, or indecent liberties with any child of either sex, under the age of sixteen years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child shall be imprisoned in a penitentiary, not more than ten years.

(b) Any such person who shall, in the District of Columbia, take any such child or shall entice, allure, or persuade any such child, to any place whatever for the purpose either of taking any such immoral, improper, or indecent liberties with such child, with said intent or of committing any such lewd, or lascivious act upon or with the body, or any part or member thereof, of such child with said intent, shall be imprisoned in the penitentiary not more than five years.

Appellant was convicted under section 22–3501(b).

■ The appropriate test for whether a penal statute is sufficiently precise to withstand constitutional attack on the grounds of vagueness is whether the statute gives a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222 (1972). This appeal does not raise the issue of overbreadth because the statute does not infringe on any constitutionally protected conduct. *See* Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 1957, 32 L.Ed. 2d 584 (1972). The claim is simply that section 22–3501(b) on its face, is void for vagueness.

■ Appellant does not challenge the precision of the words "take" or "entice", but he does claim the phrases "immoral, improper or indecent liberties" and "lewd, or lascivious act upon or with the body, or any part or member thereof" do not describe with reasonable specificity the conduct which is proscribed. With this contention we cannot agree.

These phrases clearly refer to sexual conduct with a minor child. As the legislative history demonstrates, section 22–3501(b) was intended to strengthen those provisions of the law relating to sexual offenses against children.[6] That the statute does not in so many words make unlawful removing the pants of a minor child by a stranger in the privacy of his own apartment does not render it constitutionally infirm.

---

5. The sufficiency of the evidence regarding identity in this case is not questioned.

6. House Committee on the District of Columbia, Treatment of Sexual Psycho-paths in the District of Columbia, H.R. Rep. No. 1787, 80th Cong., 2d Sess. 3 (1948), U.S.Code Cong. & Admin.News, p. 1714.

The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited. [Colten v. Kentucky, *supra* at 1957.]

■ The crime is essentially taking or enticing a child to a place for sexual purposes. Touching or fondling a child's genitals clearly falls within the somewhat more stringent requirements of section 22–3501(a). Evans v. United States, D.C. App., 299 A.2d 136 (1973). An aborted attempt to expose a child's genitals, as evidenced by removing her pants, must be fairly said to demonstrate a sexual purpose within the terms of section 22–3501(b), that is a "purpose either of taking any such immoral, improper, or indecent liberties with such child, with said intent or of committing any such lewd, or lascivious act upon or with the body, or any part or member thereof. . . ." We find no unconstitutional vagueness in this statute.

Affirmed.