**Cortez R. ROBINSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 8416.**

District of Columbia Court of Appeals.

Argued Nov. 5, 1975.

Decided May 11, 1976.

---

William H. Jeffress, Jr., Washington, D. C., for appellant.

Bernard J. Panetta II, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and James F. McMullin, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before FICKLING, GALLAGHER and NEBEKER, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from appellant's jury trial conviction for taking indecent liberties with a minor child in violation of D.C. Code 1973, § 22–3501(a). The primary issue on appeal is whether the evidence was sufficient to sustain the conviction.[1] Appellant contends (1) that the testimony of the six-year-old complainant reflects a lack of perception, recollection, understanding, and responsiveness which renders the weight of her testimony negligible as a matter of law, and (2) that there was insufficient corroborative evidence of complainant's testimony to sustain the conviction. After complete examination of the full record of this case, we have concluded that the evidence was sufficient to warrant submission of the case to the jury, and we affirm.

Appellant was charged in a one-count indictment with taking indecent liberties with a six-year-old girl. The government's case rested primarily upon complainant's testimony and upon the testimony of a ten-year-old girl who witnessed the incident. Prior to receiving the testimony of the two girls, the trial court held a hearing out of the presence of the jury to determine whether they were competent to testify. After examination by the prosecutor and appellant's trial counsel as well as the trial judge, the court found both girls com-

1. Appellant's contention that the trial court erroneously excluded the proffered testimony of two defense witnesses is without merit.

petent. Appellant's trial counsel indicated he was satisfied with the court's ruling.

The testimony at trial developed the facts essentially as follows. On the afternoon of September 22, 1973, appellant was in the hallway of the apartment building in which he lived. Several children were playing in the hallway, and they asked appellant to lift them up so they could hang by their hands from the railing along the stairway. Complainant lived in the building with her mother and was among the children in the hallway. She asked appellant to lift her up so that she, too, could hang from the railing. Appellant did so, and when he helped her down again, all of the other children had departed, leaving them alone in the hallway. Shortly afterwards, however, ten-year-old Sheila came through the front door of the apartment building carrying a bag of groceries. Her older sister lived in the building, and Sheila was returning to her sister's apartment from the store.

At trial, Sheila testified that as she came up the steps outside the apartment building, she saw appellant and complainant through the glass portion of the door. According to Sheila, appellant's zipper was open and complainant was holding appellant's penis. Sheila further testified that complainant's pants were down and appellant was rubbing her genital area. As Sheila watched from the doorway, appellant zipped up his own pants and then pulled up complainant's pants. Appellant went downstairs to his apartment when Sheila entered the hallway, and Sheila immediately asked complainant, "[D]id Cortez [appellant] did it like this to you?" Complainant answered, "Yes." According to Sheila, complainant then went upstairs to her own apartment, and Sheila went to her sister's apartment where she reported that "Cortez and [complainant] was in the hallway, doing it."

Shortly afterwards, complainant, who was asleep in her bedroom, was awakened by her mother and questioned about the incident. Complainant told her mother that appellant had told her to touch his penis and that he had put his hands on her genital area. Complainant's mother then summoned the police.

At trial, complainant testified that after appellant had helped her down from the railing, he told her to touch his penis. Complainant further testified that appellant's pants were down and that appellant felt her genital area as she held his penis. According to complainant, Sheila came through the front door while this was going on and went upstairs without speaking. Appellant then went downstairs, and complainant followed Sheila upstairs where Sheila asked, "Was that man trying to do it to you?" Complainant replied, "Yes." Complainant then went to her apartment, where she slept until her mother awakened her.

On cross-examination, appellant's trial counsel brought out inconsistencies in complainant's testimony at trial and between that testimony and her statements to the police. Complainant testified on cross-examination that appellant made her take his penis, but that appellant's penis was never out of his pants; that she had not seen appellant's penis; and that her own pants were never down. Complainant was asked about a statement she had given the police concerning the incident, and she admitted making the statement that appellant had pulled down her pants. On redirect by the prosecution, complainant testified that she touched appellant's penis, but that she touched only the outside of his clothing.

Appellant took the stand in his own behalf. He admitted being alone with complainant in the hallway at the time of the offense, but denied that he had taken indecent liberties with her.

At the close of the government's case-in-chief, appellant's motion for a judgment of acquittal was denied, and the motion was not renewed at the close of all the evi-

dence.[2] The jury returned a verdict of guilty. After the trial, appellant's motion for a new trial was denied, and this appeal followed.

Appellant initially contends that the weight of complainant's testimony is negligible as a matter of law.

The competency of a child to testify is a threshold question of law committed to the sound discretion of the trial court.[3] It remains for the jury to assess the credibility of the witness and the weight to be given the testimony.[4] In the present case, the trial court found that complainant demonstrated an understanding of her duty to tell the truth and a capability to observe and remember. The weight to be given complainant's testimony was therefore a matter for determination by the jury.

Appellant next contends there was insufficient corroborative evidence to sustain the conviction.

In a prosecution for taking indecent liberties with a minor child, corroboration of the complainant's testimony by independent evidence is an indispensable prerequisite to conviction. The uncorroborated testimony of the complaining witness is insufficient to warrant submission of the case to the jury.[5] The principal reason for requiring corroboration in such cases is to minimize the risk of conviction on fabricated or mistaken charges.[6] Courts have traditionally used special caution in dealing with the accusations of children.[7] Scrutiny must therefore be exercised where, as here, the complainant is a young girl.[8] Clearly, however, the risk of conviction on fabricated or mistaken charges varies markedly from case to case, depending upon the circumstances of each case.[9]

Whether corroborative evidence is legally sufficient to warrant submission to the jury is initially a question for the trial court. Once that determination has been made, the sufficiency of the evidence corroborating complainant's testimony becomes a question for the jury to resolve under proper instructions from the court.[10] Inasmuch as the principal purpose of the

---

2. Ordinarily, appellate review of the sufficiency of the evidence is barred where, as here, the motion for judgment of acquittal was not renewed after the close of all the evidence. *See, e. g., In re J. N. H.*, D.C.App., 293 A. 2d 878, 880 (1972). Nevertheless, we have reviewed the record and find that the evidence adduced was more than sufficient to support the conviction.

3. *Wheeler v. United States*, 159 U.S. 523, 524–25, 16 S.Ct. 93, 40 L.Ed. 244 (1895); *United States v. Schoefield*, 150 U.S.App.D.C. 380, 382, 465 F.2d 560, 562, *cert. denied*, 409 U.S. 881, 93 S.Ct. 210, 34 L.Ed.2d 136 (1972); *United States v. Hardin*, 143 U.S.App.D.C. 320, 322, 443 F.2d 735, 737 (1970); *Doran v. United States*, 92 U.S.App.D.C. 305, 306, 205 F.2d 717, 718, *cert. denied*, 346 U.S. 828, 74 S.Ct. 49, 98 L.Ed. 352 (1953); *Beausoliel v. United States*, 71 App.D.C. 111, 112, 107 F.2d 292, 293 (1939).

4. *Doran v. United States, supra* note 3, at 306, 205 F.2d at 718.

5. *Moore v. United States*, D.C.App., 306 A.2d 278, 280 (1973); *Evans v. United States*, D.C.App., 299 A.2d 136, 139 (1973); *Coltrane v. United States*, 135 U.S.App.D.C. 295, 298,

418 F.2d 1131, 1134 (1969); *Wilson v. United States*, 106 U.S.App.D.C. 226, 227, 271 F. 2d 492, 493 (1959).

6. *In re W. E. P.*, D.C.App., 318 A.2d 286, 288 (1974); *United States v. Terry*, 137 U.S.App.D.C. 267, 270, 422 F.2d 704, 707 (1970).

7. *Konvalinka v. United States*, D.C.Mun.App., 162 A.2d 778, 781 (1960), *aff'd*, 109 U.S.App. D.C. 307, 287 F.2d 346 (1961); *Coltrane v. United States, supra* note 5, 135 U.S.App.D.C. at 299, 418 F.2d at 1135; *Wilson v. United States, supra* note 5, 106 U.S.App.D.C. at 227, 271 F.2d at 493.

8. *See Allison v. United States*, 133 U.S.App. D.C. 159, 163, 409 F.2d 445, 449 (1969); *Wilson v. United States, supra* note 5, 106 U.S.App.D.C. at 227, 271 F.2d at 493.

9. *See United States v. Terry, supra* note 6, 137 U.S.App.D.C. at 270, 422 F.2d at 707; *Bailey v. United States*, 132 U.S.App.D.C. 82, 88, 405 F.2d 1352, 1358 (1968); *Wilson v. United States, supra* note 5, 106 U.S.App. D.C. at 227, 271 F.2d at 493.

10. *Evans v. United States, supra* note 5, at 139; *Coltrane v. United States, supra* note

corroboration requirement is to avoid baseless accusations the corroborative evidence will be sufficient "when it would permit the jury to conclude beyond a reasonable doubt that the victim's account of the crime was not a fabrication." [11] *United States v. Gray*, 155 U.S.App.D.C. 275, 276, 477 F.2d 444, 445 (1973). The court recognized in *Gray* that, "[t]his rule is a flexible one, and the particular quantum of proof required will necessarily vary from case to case depending upon, for example, the age and impressionability of the prosecutrix and the presence or absence of any apparent motive to falsify or exaggerate." *Id.* at 276, 477 F.2d at 445.

■ Applying this standard to the present case, we find there was adequate corroboration of complainant's testimony to warrant submission of the case to the jury. The evidence was sufficient to enable the jury to conclude beyond a reasonable doubt that complainant's account of the incident was not a fabrication.

■ Cross-examination of the complainant by appellant's trial counsel brought out inconsistencies in her testimony, but left uncontradicted her testimony that a sexual molestation actually occurred. Since there was ample independent corroborative evidence that a sexual molestation took place, the inconsistencies in complainant's testimony were not fatal to the government's case.[12] The verdict was not dependent upon the testimony of the complainant corroborated solely by circumstantial evidence, but rather upon the direct evidence of an eyewitness to the incident.[13] This direct eyewitness testimony cor-

roborated complainant's assertion that a sexual molestation actually took place. Additionally, the record discloses no apparent motive for complainant to fabricate her story. The absence of any evidence tending to show a motive for fabrication, coupled with the testimony of an eyewitness to the incident, lends credence to complainant's testimony and substantially diminishes the danger of false or mistaken charges.

Finally, any inconsistencies in the testimony presented an issue of credibility for resolution by the jury. In its charge to the jury, the trial court fully instructed on the corroboration requirement. The instructions made it clear that a guilty verdict could not be based solely on complainant's testimony, that corroboration of complainant's testimony was essential, and that it was the jury's responsibility to determine whether there was sufficient credible evidence to corroborate complainant's testimony.

Accordingly, the judgment on appeal is

*Affirmed.*

NEBEKER, Associate Judge (dissenting):

The accused's failure to move for judgment of acquittal at the end of the trial is not raised as a bar to asserting evidentiary insufficiency. In addition, since the lack of sufficient corroboration was urged on the judgment of acquittal motion at the end of the government's case, and counsel again reminded the trial court of the weakness of this proof at argument on the content of the jury charge, I agree that we

---

5, 135 U.S.App.D.C. at 303, 418 F.2d at 1139; *Borum v. United States*, 133 U.S.App. D.C. 147, 152, 409 F.2d 433, 438 (1967), *cert. denied*, 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969).

11. *In re W. E. P.*, *supra* note 6, at 288; *Moore v. United States*, *supra* note 5, at 280.

12. *Cf. Hinton v. United States*, 91 U.S.App. D.C. 13, 196 F.2d 605 (1952) (self-contradiction in the testimony of the government's only

witness was fatal where there was no other evidence of guilt).

13. The dissent apparently discounts the fact that Sheila's testimony is an eyewitness account of the defendant's taking indecent liberties on a six-year-old victim. Contrary to the view of the dissent, the discrepancies in testimony between the victim and the eyewitness concerning the details of the molestation went only to the issue of credibility of the witnesses.

may look to and resolve the sufficiency question. My reading of the record convinces me that there is manifest error in permitting this conviction to stand. *See Richardson v. United States,* D.C.App., 276 A.2d 237, 238 (1971), where we acknowledged the bar to review of an unpreserved sufficiency contention except in cases of manifest error.

I sense that the government was somewhat uneasy in urging that the evidence was sufficient as to corroboration. Its brief treats the essential facts in an almost offhanded and certainly in a cryptic fashion. It also fails to address the very specific assertions of inconsistency raised on behalf of the accused.

The court reaches the merits of the sufficiency of corroboration question and decides that, though rank with inconsistency, the testimony of the 10-year-old is "more than sufficient to support the conviction". I cannot accept that conclusion any more than I can agree that corroboration evidence need show merely that a sexual molestation took place. Corroboration in this type of case must be of the testimony or "account" of the complainant. *See Coltrane v. United States,* 135 U.S.App.D.C. 295, 298–99, 418 F.2d 1131, 1134–35 (1969). Our holdings in *Moore v. United States,* D.C.App., 306 A.2d 278 (1973) and *Evans v. United States,* D.C.App., 299 A.2d 136 (1973), are the same and do not permit the present mutation in the rule. I also note that the government does not argue that independent evidence can be so inconsistent with the complainant's version. It relies on the recent Circuit Court case of *United States v. Gray,* 155 U.S.App.D.C. 275, 276, 477 F.2d 444, 445 (1973), as stating that such evidence must corroborate "the victim's account" of what happened.

It is to be hoped that this rather strange way of viewing the evidence as sufficient is not intended to be a new rule for this jurisdiction. I can, however, understand the selection of these words for the court's opinion for I share with my colleagues the inability to describe how the 10-year-old's testimony can be deemed as corroborating the event described by the 6-year-old in the way precedent requires.

A brief description of the testimony will suffice to show that the two little girls were fatally and mutually inconsistent as to what they saw or did. When given a choice by a question phrased to permit an alternative answer, the 6-year-old said the accused's pants were down. She nonetheless steadfastly adhered to the fact that the accused never had his penis out of his pants, and that she touched it only through his clothing. She also insisted that her pants were never down. The 10-year-old described a different event in which the accused was exposed (his zipper was down and his penis was out of his pants). She said the younger girl held it in her hand. She also related that the younger girl's pants were down.

It is important to note that both girls were describing a brief unitary event. The older child was not viewing a different episode or the end of a multi-phased one. Corroboration of the accused's presence in the hallway with the 6-year-old was all the 10-year-old supplied. That is not enough.

The record reveals mutually inconsistent allegations of a sex crime as told by two young girls, the younger being a highly suggestible child who was nonplussed by the whole confrontation that occurred after the 10-year-old told one adult what she had seen—that report ultimately filtering down to the mother of the then-sleeping 6-year-old. Thereafter, even into trial, the child agreed with the adults' suggestions that the accused was indecent with her.

> We know from the lessons of the past that all too frequently such complainants have an urge to fantacize [*sic*] or even a motive to fabricate, while typically the innocent, as well as the guilty, have only their own testimony upon which to rely. . . . [*Coltrane v. United States, supra* 135 U.S.App.D.C. at 298–99, 418 F.2d at 1134–35 (footnotes omitted).]

I view this cause thus and would not apply the corroboration rule to it in such an elastic fashion as to allow these pervasive inconsistencies of near infants to permit conviction. The judgment of conviction should be reversed and a judgment of acquittal entered.