**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Edward NOT AFRAID, Jr.,
Defendant—Appellant.**

No. 01–30221.

D.C. No. CR–99–00136–JDS.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2002.*

Decided May 8, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

Before RYMER, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Edward Not Afraid appeals his conviction for two counts of knowingly engaging in sexual acts with a minor within the boundaries of the Crow Indian Reservation in violation of 18 U.S.C. §§ 1153 and 2241(c). We affirm.

### I

The district court acted well within its discretion in refusing to admit the prior report of abuse by ETH because it is not clear that she actually said that sexual (rather than physical) abuse occurred and the allegations in the report were never found to be false. The report was not admissible under Fed.R.Evid. 608(b), and its prejudicial effect outweighs whatever limited probative value it might have had. Fed.R.Evid. 403.

### II

Not Afraid's argument that his motion for acquittal should have been granted fails for lack of plain error. *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1200

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(9th Cir.2000) (standard of review when motion is not renewed at close of evidence). ETH and DWA both testified and the jury was entitled to consider their age and inexperience along with all the other evidence (including expert testimony) in evaluating inconsistencies and determining whether their testimony was credible.

### III

■ Neither the government's voir dire of prospective jurors nor its examination of ETH and DWA was plain error. *See United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir.1999) (standard of review absent objection); *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir.1993) (identifying factors). The AUSA did not vouch for the girls' credibility in inquiring of prospective jurors whether any thought that children make less trustworthy witnesses than adults. Stating that there was an eye witness says nothing about the eye witness's ability accurately to see or hear or recall the things about which she testifies. Nor do we believe that the government implied extra record knowledge by examining the girls to bring out whether they understood their oath and knew the difference between telling the truth and telling a lie. *See Pocatello v. United States*, 394 F.2d 115, 117 n. 4 (9th Cir. 1968) (competency of young child depends on capacity and intelligence, appreciation of difference between truth and falsehood as well as duty to tell the truth). In any event, the court clearly instructed the jury that credibility was for the jury, and for the jury alone, to determine.

### IV

■ While the government's closing argument could have been more tempered in referring to defense counsel, there was no plain error. The comments about which Not Afraid now complains were focused on the credibility of the witnesses and as such, were within the bounds of proper closing argument. *Sandoval v. Calderon*, 241 F.3d 765, 776 (9th Cir.2000) (purpose of argument is to explain to the jury what it had to decide and what evidence was relevant to its decision). Counsel's aggressive questioning of the girls was mentioned in this connection. The trial was robustly tried and argued by both sides. Although we do not approve of attacks on defense attorneys, the comments here do not cross the line sufficiently to have affected Not Afraid's substantial rights. *United States v. Frederick*, 78 F.3d 1370, 1379 (9th Cir.1996).

AFFIRMED.