Joseph BANDONI, Appellant,

v.

UNITED STATES, Appellee.

No. 2782.

Municipal Court of Appeals for the District of Columbia.

Argued May 22, 1961.

Decided June 22, 1961.

James S. Gardiner, Washington, D. C., with whom Joseph M. Del Nero, Washington, D. C., was on the brief, for appellant.

Nathan J. Paulson, Asst. U. S. Atty., Washington, D. C., with whom David C. Acheson, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee

1. Code 1951, § 22–504.

2. Appellant's counsel admitted during oral argument that the examination of the

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Judge.

■ A jury found appellant guilty of an assault [1] upon an 18-year-old girl. On this appeal his first claim of error is that he should have been granted a continuance and a trial before a new jury panel, because the members of his jury panel were prejudiced. He bases this contention on the fact that on the day before his trial his wife was convicted by a jury for carrying a dangerous weapon; that his jury and his wife's jury were selected from the same array of jurors; that the accounts of his wife's trial received some publicity in the local press; and that his case involved some of the same elements of time, place and circumstances as well as some of the witnesses as his wife's case. Appellant's contention seems to have no support in the record. The transcript indicates that a continuance was requested, and that there was some discussion of the subject between court and counsel. But it does not reveal what questions were put or what answers elicited on the *voir dire* examination of the prospective jurors, touching on the question of alleged prejudice.[2] Except for the statements of counsel there is nothing in the transcript to support the claim of prejudice. We must hold that appellant has not discharged his burden of establishing error in connection with this phase of his trial.

The assault, indecent in nature, was allegedly made on the complaining witness while she was sun bathing on the sun deck of her apartment building about 1:30 p. m. on a July afternoon. She said she immediately left the sun deck, leaving her keys behind, and returned to her apartment where she was admitted by a repairman

prospective jurors did not indicate that prejudice existed.

who was working there.[3] She testified that she cried for about 10 minutes and after calming herself called her sister who advised her to notify the manager of the building. At approximately 2:30 p. m. she notified the manager, a Mrs. Smith, and related to her what had occurred on the sun deck, and later reported the matter to the police. Appellant's counsel was allowed to probe into certain elements pertaining to the emotional background of the witness and other matters, but was several times stopped when it appeared to the trial judge that the course of the examination was no longer relevant or proper.

The apartment manager testified to the distraught condition of the complaining witness when she reported the incident. Three police officers testified that when they called on defendant in his apartment that evening he freely admitted his guilt. Defendant took the stand and denied the assault. He also denied having admitted guilt to the police officers, and in this he was corroborated by his wife.

■■■ Appellant says the trial judge erred in curtailing cross-examination of the complaining witness. We need not repeat the familiar rule that cross-examination is an absolute right.[4] But this is not a case where all cross-examination of the complaining witness was prevented. Appellant's counsel was permitted to ask many questions in the field of her past experiences, emotional history and background, and in areas which might tend to shed light on her testimonial reliability or on the possibility that she had imagined or fabri-

cated her story of the assault. He asked numerous questions concerning the witness' emotional problems in high school, her filing of other assault charges, and her social relationships with boys. We do not think the judge was required to permit further probing into these areas. This seems to be the consensus of decisions on the subject.[5] We have concluded that the cross-examination in this case was not unduly curtailed and that the record reveals no reversible error in that respect.

■■ Appellant urges that it was a violation of the hearsay rule to admit the testimony of Mrs. Smith as to her conversation with the complaining witness. The argument is that in the hour or more between the alleged assault and the report to Mrs. Smith, the complaining witness had occupied herself with intervening activities and that sufficient time had elapsed as to render her statements no longer spontaneous. This position cannot be sustained. Time alone is not controlling in determining the spontaneity of an exclamation.[6] Of equal importance is whether the declaration was influenced by external circumstances of physical shock or the stress of nervous excitement.[7] The circumstances here were sufficient to make the conversation admissible as an excited utterance or spontaneous declaration.[8]

■■ We cannot sustain appellant's final contention that it was error for the trial court not to instruct the jury as to the effect of the five hour delay in reporting the alleged assault to the police. There

3. The repairman was called as a government witness but was unavailable due to the fact that he was out of the jurisdiction.

4. See Lindsey v. United States, 77 U.S. App.D.C. 1, 133 F.2d 368.

5. 3 Wigmore, Evidence § 979 (3rd Ed. 1940).

6. Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292.

7. Wheeler v. United States, 93 U.S.App. D.C. 159, 211 F.2d 19, certiorari denied 347 U.S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140; Beausoliel v. United States, supra.

8. Murphy Auto Parts Company v. Ball, 101 U.S.App.D.C. 416, 249 F.2d 508; Sawyer v. Miseli, D.C.Mun.App., 156 A. 2d 141.

is nothing in the record to indicate that such an instruction was requested. And at the end of the charge counsel for parties announced they were satisfied.

Affirmed.