**UNITED STATES of America,**
**Appellee,**

v.

**David L. WASHINGTON, Appellant.**

**No. 22449.**

United States Court of Appeals
District of Columbia Circuit.

Submitted Feb. 13, 1969.

Decided May 19, 1969.

Fahy, Senior Circuit Judge, dissented.

Mr. Brian C. Elmer (appointed by this court) submitted on the brief, for appellant.

Mr. Thomas C. Green, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, submitted on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and BURGER and TAMM, Circuit Judges.

BURGER, Circuit Judge:

■■ The Government consented to reversal to allow a new trial and we give substantial deference to the position of the Government in these circumstances. However, a suggestion by the Government is just that; it is this Court's responsibility to *decide*. We are unable to accept the suggestion that a new trial is the only remedy; that cannot be known until the District Court has had an opportunity to consider what was not presented at or before trial on the identification issue. Moreover, the trial judge will now have the benefit of the intervening cases decided by this Court.

■ In aid of remand we turn to Appellant's contention that the trial court erred in refusing to give Appellant's requested instruction on the identification issue. Although the Government thought it would be unnecessary for this

Court to reach this question, the brief of the United States states:

> Nevertheless it should be noted that trial counsel did not object to the court's ruling on his proposed instruction, and unless the alleged deficiency amounts to plain error affecting substantial rights, appellant would not be entitled to relief on this ground. Howard v. United States, 128 U.S.App. D.C. 336, 389 F.2d 287 (1967). The language of the requested instruction is clearly not supported by the evidence adduced at trial and goes far beyond any statement of an evidentiary theory offered by appellant. Moreover, the obvious argumentative conclusions in the instruction were fully alluded to by defense counsel in his closing summation. The identity instruction as actually given below (Tr. 238) adequately fulfilled the requirements of the pertinent guidelines set forth by this Court in Jones v. United States, 124 U.S.App.D.C. 83, 88, 361 F.2d 537, 542 (1966).

Brief for Appellee, page 10 n. 8.

The Government's brief correctly states the controlling rule and hence we limit the scope of the remand solely to the propriety of the identification procedures under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and exclude from consideration the instruction issue.

■ We cannot agree with the dissent that Macklin v. United States, 133 U.S. App.D.C. 139, 409 F.2d 174 (decided February 18, 1969) requires reversal. *Macklin* was decided after the trial in the instant case was concluded. We hold that *Macklin* does not apply retroactively.[1]

The case is remanded for proceedings consistent with this opinion.

Remanded.

---

[1] Our holding as to non-retroactivity rests, of course, on two factors which we deem controlling: (1) *Macklin* resulted in an affirmance; thus the language now relied upon by Judge Fahy was not applied retroactively to the defendant in *Macklin*; (2) the identification area has been decidedly

FAHY, Senior Circuit Judge (dissenting):

The United States has consented to reversal and a new trial because of non-compliance by the District Court with the requirements of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Notwithstanding this the court remands the case for a hearing on the identification issue, the question of a new trial to be determined by the District Court, depending upon the result of the hearing.

The case was submitted to us on the briefs without oral argument. After submission we suggested to the parties the possible desirability of oral argument, but we were advised by each that argument was not desired. This indicates the United States remains of the view a new trial should be granted; and I think it likely appellant's counsel assumes the court would accept this confession of error by the United States, though we are not bound to do so.

The case arose and was tried after the *Wade, Gilbert* and *Stovall* cases; yet appellant was not afforded counsel or the right to counsel at the pretrial "line-up" identification. The United States in its brief properly points out that the District Courts "were without pronouncements from this Court [of Appeals] on the implementation of the procedures outlined in" the Supreme Court opinions, and concedes error, stating:

> [W]e feel the interest of justice will best be served by permitting another hearing where both counsel and the court will have the benefit of the intervening clarification which has recently come to this area. Cf. Frank-

---

marked by a spirit of non-retroactivity, *see* Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The reasons, obviously, were to avoid a large scale breakdown in criminal dockets already overloaded to the breaking point.

lin v. United States, 117 U.S.App.D.C. 331, 335, 330 F.2d 205 (1964).

\* \* \* \* \* \*

WHEREFORE, it is respectfully submitted that the judgment of the District Court be reversed and the case remanded for a new trial.

The position of the United States Attorney, conscientiously taken in a case of possibly mistaken identification, I think should be accepted by the court.

As to the merits in other respects, since submission of the case our court has upheld the need for a special instruction on identification, when requested, in such a case. Macklin v. United States, 133 U.S.App.D.C. 139, 409 F.2d 174, decided February 18, 1969. Appellant requested such an instruction. Though it. need not have been given in the language requested, the *Macklin* case, aside from the *Wade* issue upon the basis of which the United States consents to reversal, seems also to require reversal. We said in *Macklin:*

> We think that now, after the Supreme Court has focused on identification problems in its 1967 *Wade-Gilbert-Stovall* trilogy, it is even more imperative that trial courts include, as a matter of routine, an identification instruction. In cases where identification is a major issue the judge should not rely on defense counsel to request so important a charge. In this regard, we note that the manual Criminal Jury Instructions For The District Of Columbia (1966) published by the Bar Association of the District of Columbia contains a charge on mistaken identity. A charge such as this might well be given, supplemented by observations on identification evidence as discussed in *Wade, Gilbert* and *Stovall.*

133 U.S.App.D.C. 139, at 143, 409 F.2d 174, at 178.

A new trial which would follow our acceptance of the position of the United States would obviate the problem of an identification instruction under *Macklin,* for at the retrial such an instruction could be given. This would raise no problem about the retroactivity of *Macklin.*[1]

I accordingly dissent from the refusal of the court to grant a new trial as agreed by the United States in the interest of justice.

---

1. The Government indicated that the instruction issue "need not be reached since appellant is entitled to a new trial. \* \* \*"