Andrew MORGAN, a/k/a Andrew F. Morgan, Appellant,

v.

UNITED STATES, Appellee.

No. 12707.

District of Columbia Court of Appeals.

Argued Jan. 16, 1979.

Decided May 22, 1979.

Rehearing Denied June 19, 1979.

Eugene M. Bond, Arlington, Va., appointed by this court, for appellant.

William E. Bucknam, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Silbert, U.S. Atty., John A. Terry, Michael W. Farrell and Frederick A. Douglas, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before KERN and MACK, Associate Judges, and WEBBER, Associate Judge, Superior Court of the District of Columbia.*

PER CURIAM:

Appellant challenges his convictions for kidnapping while armed,[1] assault with intent to commit sodomy,[2] assault with a dangerous weapon,[3] and carrying a concealed dangerous weapon.[4] His principal grounds of appeal are that (1) the trial

---

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

1. D.C.Code 1973, §§ 22–2101, –3202.

2. D.C.Code 1973, § 22–503.

3. D.C.Code 1973, § 22–502.

4. D.C.Code 1973, § 22–3204.

court failed to instruct the jury that in order to find appellant guilty of the sex offense, *viz.*, the assault-sodomy charge, the male complainant's testimony must have been corroborated by some other evidence, and (2) the kidnapping and assault-sodomy convictions were merged under the particular evidence presented in the instant case and hence did *not* constitute separate crimes for which different sentences could be imposed.[5]

█ We assume for the purpose of determining appellant's first contention that complainant's testimony that appellant sodomized him required some corroboration. *Cf. Arnold V. United States*, D.C.App., 358 A.2d 335 (1976) (en banc). Ample corroborative evidence is reflected in the record in the form of testimony by other witnesses that shortly after the attack they observed and heard (a) the complainant almost entirely naked, bleeding from a flesh wound and noticeably bruised on his throat, and running and screaming for help near the place where he had been attacked; and (b) the appellant enter his apartment without a shirt and reemerge shortly afterwards wearing one, suggest to a bystander outside his apartment that he himself had been there for a markedly longer period of time than in fact he had been, and remark that "he had a feeling that he was going to get arrested that night." We note the failure of appellant to request from the court an instruction on corroboration and so we need determine only whether this omission amounted to plain error. *Watts v. United States*, D.C.App., 362 A.2d 706 (1976) (en banc). We are able to conclude upon the evidence adduced at trial that the absence of such an instruction was not "so clearly prejudicial to substantial rights as to jeop-

ardize the very fairness and integrity of the trial." *Watts, supra* at 709.

█ Appellant's contention concerning the merger of the kidnapping and the assault-sodomy charges requires us to consider whether the evidence presented at trial amounted to the "carrying away" proscribed as kidnapping by Congress in Section 22–2101 or whether in the instant case there has been "an unduly expansive reading of the kidnapping statute." *Sinclair v. United States*, D.C.App., 388 A.2d 1201, 1204–05 (1978). We have stated that where the taking away and detention of the victim against his will is "clearly incidental" to the other felony crime perpetrated upon the victim and the "likelihood of bodily harm was not substantially increased beyond that inherent in every assault . . . [defendant's] conduct was not the sort the legislature intended the [kidnapping] statute to encompass and to punish as two separate crimes." *Robinson v. United States*, D.C.App., 388 A.2d 1210, 1212–13 (1978).

The record reflects that appellant encountered complainant in the evening and persuaded him to leave the public street where they were walking in order to take a shortcut that led them into a field. Once the two were in the field, appellant drew a knife and compelled the victim to accompany him to a secluded area there which was about 100 feet from the road, and then committed the sodomy. We deem the detention of the complaining witness under these circumstances to have been approximately "coextensive in time and place" with the crime of assault with intent to commit sodomy and not to have substantially increased the risk of bodily harm beyond that inherent in that offense. *Robinson v. United States, supra* at 1212–13.

5. Appellant's other contentions are without merit: the difference between the victim's name in the indictment and in the evidence presented at trial did not constitute a variance fatal to the prosecution case given the absence of prejudice to appellant; the joinder for trial of the offenses charged was not improper since they were sufficiently related; the evidence of appellant carrying a concealed weapon was sufficient to support the judgment of conviction given the testimony of the complaining witness. We need not consider the contention that the assault-weapon charge was a lesser-included offense of the armed kidnapping charge in light of our ultimate ruling.

Accordingly, we conclude appellant's conduct, as reflected in the evidence at trial, could not support separate convictions for both kidnapping and assault with intent to commit sodomy.[6] The judgment of conviction for kidnapping must be reversed but the remaining judgments of conviction are affirmed.

*So ordered.*

6. After being sexually assaulted the victim ran from the place of attack but appellant pursued and recaptured him. Brought back into the wooded area, he suffered multiple stab wounds before he was able to make a successful escape. The government argues that appellant's recapture of complainant and subsequent returning him to the same place where the sodomy had been committed should also be considered kidnapping in determining whether the evidence reflected the "carrying away" of the victim under the kidnapping statute.

However, the record reflects that almost as soon as the victim was brought back against his will, appellant stabbed him. Thus, this second episode of detention was a part of and therefore "clearly incidental to" the crime of assault with a knife which he suffered and for which appellant was also convicted. Under these precise circumstances we do not find a crime for kidnapping separate and distinct from the crime of assault with a dangerous weapon.