Walter L. FITZGERALD, Appellant,

v.

UNITED STATES, Appellee.

No. 13607.

District of Columbia Court of Appeals.

Argued en banc Sept. 22, 1980.

Decided March 19, 1982.

John F. Cooney, Washington, D. C., appointed by the court, for appellant.

Henry F. Greene, Asst. U. S. Atty., Washington, D. C., at the time the petition was filed, with whom Charles F. C. Ruff, then U. S. Atty., Carl S. Rauh, then Principal Asst. U. S. Atty., John A. Terry, Michael W. Farrell, Percy M. Russell, Jr., M. Lowell Brown, and Carol E. Bruce, Asst. U. S. Attys., Washington, D. C., were on the petition for appellee.

Before NEWMAN, Chief Judge, KELLY, KERN, NEBEKER, HARRIS *, MACK, FERREN, and PRYOR, Associate Judges, and YEAGLEY and GALLAGHER **, Associate Judges, Retired.

GALLAGHER, Associate Judge, Retired:

This case was heard before the court en banc and in accordance with custom the opinion of the hearing division (No. 13607, February 4, 1980) was vacated.

A jury found appellant guilty of assault with intent to commit rape. D.C.Code 1973, § 22–501.[1] Appellant urges reversal of his conviction on the grounds (1) there was legally insufficient corroboration of the minor female complainant's testimony to warrant submission of the case to the jury, (2) the trial court erroneously failed to instruct the jury that in order to convict, it must first find complainant's testimony corroborated by independent evidence, and (3) the court improperly admitted hearsay testimony regarding the alleged assault.[2] We reverse.[3]

## I.

It was Saturday night of the 1977 Memorial Day weekend at 11 p. m. Appellant stopped by the house of his next door neighbor, Mrs. Neiome Geathers, to pay a social visit. Complainant, a 12-year-old girl, and her younger sister were houseguests of Mrs. Geathers that weekend, while their mother was out of town. As a friend of complainant's stepfather, appellant had known complainant since she was small. On this occasion, he followed her into the kitchen and remarked upon how much she had grown recently. Complainant told him to leave her alone. At that point, Mrs. Geathers entered the kitchen, and appellant sent complainant to his car for a bottle of liquor.

After Mrs. Geathers and appellant drank the liquor, he offered to make a trip to the liquor store to replenish the supply. Not wanting to go alone, he asked if complainant could accompany him to the "51 Club," a store located a few minutes away by car. Mrs. Geathers gave permission for complainant to ride with appellant.

According to complainant's testimony, the following events transpired during the trip, which took 25 to 30 minutes. Appellant did not stop at the "51 Club" since it was crowded, but continued several blocks south to Strick's Liquor Store. He purchased the liquor, and returned to the car. Before leaving the parking lot he touched complainant on the face and asked if she liked him. Complainant said no. Appellant then suggested that complainant show him their new house. He knew the family had recently moved to 15th Street, S.E., but did not know the exact house. They drove by the house, and then turned back in the direction of Mrs. Geathers' house. On the return trip, appellant asked complainant if she knew anything about oral sex. He also

---

* Associate Judge Harris concurred in this opinion prior to his retirement from the court on February 5, 1982.

** Judge Gallagher was an Associate Judge of the court at the time the case was heard. His status changed to Associate Judge, Retired, on February 27, 1981.

1. Appellant was also charged with taking indecent liberties with a minor child (D.C.Code 1973, § 22–3501(a)) and enticing a minor child (D.C.Code 1973, § 22–3501(b)), but the jury found the defendant guilty only of the assault with intent to commit rape charge.

2. Appellant also challenges the evidence as insufficient to sustain his conviction. Our standard of review of this contention is well established. We will not overturn a conviction for insufficient evidence if the evidence reasonably permits a finding of guilt beyond a reasonable doubt. *Byrd v. United States*, D.C.App., 388 A.2d 1225, 1229 (1978). Viewing the evidence most favorable to the government, the jury could have found appellant guilty beyond a reasonable doubt.

3. In view of our disposition of the case, there is no need to consider appellant's argument that retroactive modification of the corroboration requirement for minor complainants would offend due process.

talked about buying clothes for her, and taking her out.

About two or three blocks from Mrs. Geathers' house, appellant pulled into an alley on the pretext of visiting a friend. He stopped, however, and locked the car doors. Appellant asked complainant to undress. She refused and started to hit him, but stopped when he threatened to strike her. Appellant took off complainant's pants and performed an act of cunnilingus. Then he took off his pants, laid her down on the car seat, and tried to achieve vaginal intercourse. While complainant was trying to resist his efforts, she unlocked the door and slid out of the car, hitting her head on the concrete. At that point, appellant desisted, and said he would take her home. He warned complainant not to tell anybody what had happened, or he would climb through her window and kill her.

Upon their return to Mrs. Geathers' house, complainant ran into the house crying. Mrs. Geathers asked what was wrong. Complainant said her head hurt and ran upstairs. Further inquiry by Mrs. Geathers was fruitless. She sent Levi Dyson, a friend of complainant, to speak with her.[4]

The next day during a picnic, complainant told her friend, Tawanda Coleman, of the previous night's events. Miss Coleman testified that complainant mentioned the act of cunnilingus, but not the attempted intercourse. Complainant's mother returned to Washington on Tuesday. However, complainant did not tell her of the incident. She learned of the attack the following Tuesday, ten days after the incident, from Mrs. Coleman, Tawanda's mother. Tawanda in a fit of anger at complainant told Mrs. Coleman the story, who then informed complainant's mother. After questioning complainant, her mother reported the incident to the police, eleven days after the assault. Complainant was taken to a local hospital by police officers but the medical examination did not reveal physical evidence of assault.

At the close of the prosecution's case, defense counsel moved for a judgment of acquittal on grounds of insufficient evidence. As defense counsel stated:

> I know the Court of Appeals eliminated the corroboration requirements. You have nothing here other than the statement of the girl claiming an allegation of oral sodomy. You have a delay in the report, you have a delay—no medical, no bruises, no cuts or anything, and I submit that this is just insufficient to send this to the jury.

The court denied the motion. Although the trial court observed that the corroboration requirement still applies to minor complainants in sex offense cases, it found sufficient corroboration in "the crying, ... the running to her room, and the other things that you have heard in evidence."

Appellant testified on his own behalf. He denied complainant's allegations of sexual assault, claiming that he drove directly back to Mrs. Geathers' house from 15th Street.

In its charge, the trial court did not instruct the jury that it must find the complainant's testimony corroborated by independent evidence before it could convict. Instead, the court simply charged the jury as if a mature female complainant were involved. The jury found appellant guilty.

## II.

 It has long been established in this jurisdiction that a person may not be convicted of a "sex offense" on the uncorroborated testimony of a youthful victim. *See, e.g., Douglas v. United States,* D.C.App., 386 A.2d 289, 293–94 (1978); *Robinson v. United States,* D.C.App., 357 A.2d 412, 415

---

4. Dyson testified at trial that complainant told him about the oral sex on either the night it occurred or the next morning. Dyson was impeached by his earlier statement to the police, that she had not told him about the oral sex because he had not asked her. Complainant testified that she did not tell Dyson about the incident that night.

(1976); *Konvalinka v. United States*, D.C. App., 162 A.2d 778 (1960), *aff'd*, 109 U.S. App.D.C. 307, 287 F.2d 346 (1961); *Wilson v. United States*, 106 U.S.App.D.C. 226, 271 F.2d 492 (1959). Courts have traditionally been skeptical of sexual charges by children, no doubt because

> [i]t is well recognized that children are more highly suggestible than adults. Sexual activity, with the aura of mystery that adults create about it, confuses and fascinates them. Moreover, they have, of course, no real understanding of the serious consequences of the charges they make.... Guttmacher and Weihofen, Psychiatry and the Law (1952), p. 374. [*Quoted in Wilson v. United States, supra* at 227, 271 F.2d at 493.]

*See also The Rape Corroborative Requirement: Repeal Not Reform*, 81 Yale L.J. 1365, 1388–89 (1972). To minimize the danger of false accusations, the corroboration requirement imposes two safeguards in regard to infant complainants. First, the government must introduce corroborative evidence in order to meet its burden of proof and to survive a defense motion for judgment of acquittal. Second, even where the corroboration is legally sufficient, the jury must be convinced "beyond a reasonable doubt that the victim's account of the crime was not a fabrication." *United States v. Gray*, 155 U.S.App.D.C. 275, 276, 477 F.2d 444, 445 (1973), *quoted in Robinson, supra* at 416.

While corroboration is initially a matter for the trial court, as in any question concerning the legal sufficiency of the evidence, it is the jury's function to decide whether the standard of corroborative proof has been met. *See, e.g., Robinson, supra* at 415; *United States v. Jones*, 155 U.S.App. D.C. 328, 333, 477 F.2d 1213, 1218 (1973). Thus, the case must be submitted to the jury with specific instructions requiring a finding of independent evidence corroborative of the victim's testimony as a condition precedent to a guilty verdict.

The dispute here centers on the viability of the corroboration rule, as applied to child complainants, after *Arnold v. United States*, D.C.App., 358 A.2d 335 (1976) (en banc).[5] In *Arnold, id.* at 344, we mandated that "in the future no instruction directed specifically to the credibility of any *mature female victim of rape or its lesser included offenses* and the necessity for corroboration of her testimony shall be required or given in the trial of any such case in the District of Columbia court system." (Emphasis supplied.) *Arnold* does not affect sex offense cases involving a minor victim. The issue was addressed by this court in *Hall v. United States*, D.C.App., 400 A.2d 1063 (1979), where we affirmed a conviction for taking indecent liberties with a minor child (7-year-old boy). There we assumed that corroboration of the minor victim's testimony was required and that *Arnold* eliminated the need for corroboration only where a mature female victim was involved. Thus, *Arnold* was not at odds with the earlier *Robinson v. United States, supra* at 412.

We took a similarly restricted view of *Arnold* in *In re J. W. Y.*, D.C.App., 363 A.2d

---

5. It was brought to our attention that in *United States v. Sheppard*, 186 U.S.App.D.C. 283, 569 F.2d 114 (1977), *rehearing denied* February 24, 1978, the United States Court of Appeals for this circuit—subsequent to our opinion in *Arnold, supra*—abandoned its corroboration rule in rape cases. Interestingly, the court there also stated (*supra* at 287, 569 F.2d at 118):

> Where the motivation of the complainant in bringing the charge is an issue, as in a case where the defendant contends that she consented to the intercourse, the defense attorney is free to emphasize to the jury *the dangers of falsification, and the judge should instruct the jury as to those dangers and the*

*difficulty of establishing consent.* (Emphasis supplied.)

That is strong language and the court, in that manner, seems to be preserving the very factors that were said to underlie its now abandoned corroboration rule. *See, e.g., United States v. Wiley*, 160 U.S.App.D.C. 281, 492 F.2d 547 (1973); *United States v. Jones, supra; Coltrane v. United States*, 135 U.S.App.D.C. 295, 418 F.2d 1131 (1969). That terminology goes considerably beyond the general credibility instruction. *See* Bar Association Criminal Jury Instructions for the District of Columbia, No. 2.11 (3d ed. 1978).

674, 677 (1976), finding the case at issue, a prosecution for carnal knowledge of a 13-year-old female, "significantly dissimilar" to the *Arnold* fact pattern. We observed that *Arnold* "placed considerable emphasis on the fact that the victims there were adults whose maturity diminished the likelihood of fabrication or fantasy."

The government urges that complainant's testimony did not require corroboration because she was, in fact, a mature female for purposes of the *Arnold* exception. Thus, the government contends that "maturity" is a relative concept to be evaluated by the trial judge. Under this view, the court's finding of maturity or immaturity, and the subsequent need for corroborative evidence, may be reversed only if there is an abuse of discretion. Further, the government claims that the trial court made an explicit finding of complainant's maturity when it stated "although she was not the maturity age, she was not immature as a youngster goes."[6]

To support its position, the government relies on *Arnold, supra* at 345 (Nebeker, J., concurring in the result) and *Davis v. United States,* D.C.App., 396 A.2d 979 (1979). In the concurring opinion in *Arnold, supra* at 345, there is stated the view that in evaluating maturity "chronological age is not the only touchstone." Similarly, in *Davis, supra* at 980, the majority opinion stated "it is the function of the trial judge to determine whether a rape complainant reveals indications of immaturity [a]ffecting credibility so as to require corroboration of her testimony."

The government's reliance on that language is misplaced. Putting the quoted language in context, it is clear that this concurrence in *Arnold* emphasized the considerable latitude of a trial court to require corroboration where "the victim, though chronologically an adult, may be in reality as immature as a child. Whatever the cause, *e.g.,* mental retardation or other condition of social immaturity militating against independent credibility, *such women may well be viewed as children for purposes of requiring corroboration." Arnold, supra* at 345 (emphasis supplied). In *Davis,* the only question decided by the court was that the trial judge did not err in finding a 17-year-old rape victim to be a mature female under *Arnold.* There was no evidence of mental or social immaturity which would indicate the trial judge had erred in dispensing with corroboration. *Davis* simply infers that a trial court may determine that an "adult" female is actually immature, but says nothing about the reverse situation. Under *Arnold, supra,* unless the trial court finds the complainant is a mature person, the corroboration requirement applies.

■ Age, of course, remains an important factor to be considered in determining the sufficiency of corroborative evidence. The corroboration rule has always been a flexible one, and "the particular quantum of proof required will necessarily vary from case to case depending upon, for example, the age and impressionability of the prosecutrix and the presence or absence of any apparent motive to falsify or exaggerate."

6. The government brought to the court's attention a recent opinion by the Court of Appeals of New York, *People v. Fuller,* 431 N.Y.S.2d 357, 409 N.E.2d 834, 50 N.Y.2d 628 (1980). A reading of that opinion quickly reveals that it has no application here, and that the New York corroboration rule is materially different from the corroboration rule as applied in the District of Columbia. To illustrate, the victim in *Fuller* was a 10-year-old female child and the 38-year-old defendant was charged with both forcible and statutory rape. Briefly, the victim testified that the defendant came into her bedroom, took off her pants and, using force, compelled her to permit penetration. She started to cry and at that point the defendant's mother entered the room, but was ordered out. A third person, to whom the mother had related the incident, called the police. The defendant admitted to the police that he was in bed with the little girl. Shortly after the event, a doctor found a redness at the entrance to the vagina consistent with a fresh act of intercourse.

In this jurisdiction, a claim of lack of corroboration on those facts would not be taken seriously. New York's corroboration rule apparently remains quite strict. Our rule is, and has been, liberally construed and is not a serious impediment to prosecution or conviction.

United States v. Gray, supra at 276, 477 F.2d at 445, quoted in Robinson, supra at 416; see also Wallace v. United States, D.C. App., 362 A.2d 120, 121 (1976) (level of corroboration required varies with sex and age of complainant and existence of previous relationship with defendant). In United States v. Jones, supra, the court rejected a challenge to the sufficiency of the corroboration in a statutory rape case (15-year-old complainant) stating:

The absence of any evidence tending to show a motive for fabrication coupled with the maturity that the victim demonstrated throughout the proceedings lent inherent credence to her testimony, and while not in and of themselves corroborative, they diminished the "danger of falsification" that is the foundation of the corroboration requirement.... [Id. at 333, 477 F.2d at 1218.]

Similarly, the trial court here could properly take into account the child victim's maturity in assessing the need for corroboration.

The trial court evaluated complainant's maturity following defense counsel's motion for judgment of acquittal. In ruling on the motion, the trial court was necessarily concerned with the legal sufficiency of the evidence, including the corroborative evidence. The court clearly did not intend to dispense with the corroboration requirement, and, in fact, corrected defense counsel's assertion that Arnold eliminated the need for corroboration of child complainants in sex cases. The trial court denied the motion, pointing to the victim's relative maturity for her age[7] and the presence of corroboration. The court stated:

It is true that Arnold talks about a non-mature [sic]. It is also true that I

had a 13 year old testify before me today in a substantial mature way for a child of that age. She had excellent recall if you believe her story; the dates; the places; the addresses. She stood up to your rigorous cross-examination, Mr. Rosen. She tried to compose herself after the initial outburst of crying, and I would have to say, although she was not the maturity age, she was not immature as a youngster goes. In addition, we had the corroboration that goes with the crying, with the running to her room, and the other things that you have heard in the evidence.

Admittedly, the corroborative evidence here was not strong, and lacked the common corroborative details such as a medical examination, physical evidence of struggle or prompt report of the incident to authorities.[8] However, it has never been the rule that corroboration can be supplied only by a specific type of evidence. See, e.g., Bailey v. United States, 132 U.S.App.D.C. 82, 405 F.2d 1352 (1968) (corroboration sufficient even where no medical evidence in light of testimony as to distraught physical condition immediately after incident and testimony of mother as to semen on complainant's body). See also In re W. E. P., D.C. App., 318 A.2d 286 (1974). "[N]o magical quantitative balancing test utilizing a 'checklist of factors' is either appropriate or workable." United States v. Jones, supra at 333, 477 F.2d at 1218, quoting from United States v. Terry, 137 U.S.App.D.C. 267, 271, 422 F.2d 704, 708 (1970).

To be legally sufficient, the corroboration need only consist of "circumstances which tend to support the victim's testimony." Evans v. United States, D.C.App., 299 A.2d 136, 139 (1939).[9] The court must evaluate the danger of fabricated or mistaken

---

7. The court did not say she was "mature" but, rather mature for her young age, which is something quite different.

8. We do not attach any negative significance to complainant's failure to report the incident to authority figures. Her reluctance must be assessed in light of her testimony that appellant warned her not to tell anyone or he would

climb through her window and kill her. Complainant's mother recalled that after her return, complainant had been unusually hesitant to open her bedroom windows despite the summer heat.

9. It has been stated that a flexible rule is "responsive to the underlying rationale of the cor-

charges in a particular case, since the need for corroboration is required by the risk of falsification. *See, e.g., Thomas v. United States*, 128 U.S.App.D.C. 233, 234, 387 F.2d 191, 192 (1967). This risk may vary depending upon the age of the victim and other circumstances of the case. *See, e.g., United States v. Terry, supra* at 270, 422 F.2d at 707.

Whatever may be the law elsewhere, the corroboration threshold has never been difficult to cross in this jurisdiction. For example, reasonably prompt reporting of the incident to one's family, friends or police is considered corroboration here, *e.g., Douglas v. United States, supra; Wallace v. United States, supra; Moore v. United States*, D.C. App., 306 A.2d 278 (1973). In those terms, corroboration is hardly an unreasonable requirement. In reality, a prosecution is not likely to be instituted in a sex case unless the victim reports the incident to someone within a reasonable time or has a satisfactory explanation for not having done so. After all, crimes committed in secrecy, as sex crimes usually are, would not be known to the police unless the victim reports the incident. Of necessity, then, if there is a prosecution in this jurisdiction, there is some corroboration in all likelihood.

■ Here, there was evidence tending to bolster complainant's testimony, and thus minimize the likelihood of fabricated or mistaken charges. Both Mrs. Geathers and Levi Dyson testified that complainant was obviously distressed when she returned from her ride with appellant. She ran to her room, crying. In response to Mrs. Geathers' questions, complainant said her head was "hurting," confirming her testimony that her head struck the sidewalk when she fell from the car. Mrs. Geathers repeatedly asked complainant what was wrong, and sent Levi upstairs to inquire. It is not difficult to understand that some young girls would prefer to confide details of a sexual encounter to a close girl friend, which complainant did the following day.

The extrinsic evidence of complainant's emotional state tended to support her story, and was sufficient corroboration in light of the additional factors diminishing the risk of false accusation (*e.g.*, no motive to fabricate, demeanor at trial).[10]

Although there was sufficient corroborative evidence to warrant submission to the jury, the jury still needed appropriate instructional guidance for determining whether the government met the standard of corroborative proof. *See, e.g.*, Criminal Jury Instructions for the District of Columbia, No. 4.78 (3d ed. 1978). We have decided that corroboration of child complainants continues to be required in sex cases. Consequently, omission of a corroboration instruction was error.

■ The principal question here is whether the court's failure to instruct, when no instruction was requested at trial, amounted to plain error. *See, e.g., Watts v. United States*, D.C.App., 362 A.2d 706, 709–10 (1976) (en banc). *See also* Super.Ct.Cr.R. 30, 52(b). In *Washington v. United States*, 134 U.S.App.D.C. 135, 413 F.2d 409 (1969), the court held that failure to give a corroboration instruction, in the absence of objection or request, was not plain error when

roboration requirement—the avoidance of baseless accusations—and it is far more consonant with the realities of the trial situation than a rule which would compel the government to prove virtually its entire case twice: once by the victim's testimony and again by independent evidence." *United States v. Gray, supra* at 277, 477 F.2d at 445. Thus corroboration of the *corpus delicti* does not require evidence reestablishing each material element of the of-

fense. *See, e.g., Davis v. United States*, D.C. App., 370 A.2d 1337, 1339 (1977).

10. Generally corroboration is required as to both the *corpus delicti* and the identity of the assailant. There was, of course, no question of the perpetrator's identity in this case. "Appellant was guilty if anyone was for he alone was with the child at the time of the alleged offense." *Wilson v. United States, supra* at 226, 271 F.2d at 492.

the rape corroboration was adequate.[11] *See also Morgan v. United States*, D.C.App., 402 A.2d 598 (1979); *United States v. Dews*, 135 U.S.App.D.C. 185, 186 n.1, 417 F.2d 753, 754 n.1 (1969). Similarly, in *Williams v. United States*, D.C.App., 385 A.2d 760 (1978) (en banc), the trial court's refusal to give a corroboration instruction was deemed harmless error where the circumstances provided adequate independent evidence that the rape accusation was not a fabrication.

We are unable to say here, however, that the absence of a corroboration instruction was not "so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial." *Watts, supra* at 709. The instruction was vital to the case and, if given, might well have "substantially swayed" the verdict, since the corroborative evidence although legally sufficient was marginal. Thus, we cannot say the error was harmless, *see Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), and reversal is required.[12]

### III.

Appellant contends the trial court improperly admitted hearsay testimony concerning complainant's description of the assault. The challenged testimony, given by Tawanda Coleman, complainant's mother, and the investigating police officer, encompassed conversations each witness had with complainant after the incident.

■ It is accepted that the hearsay rule bars testimony relating to an out-of-court conversation, when offered to prove the truth of the matter asserted therein. A declaration of complainant by a sex crime victim, made shortly after commission of the crime, is generally admissible on either of two theories: "spontaneous utterance" or "complaint of rape." The distinction is an important one. Under the "spontaneous utterance" theory, the declaration can be admitted as original evidence and the details of the declaration are admissible as substantive evidence of the truth of such facts. The "complaint of rape" theory permits a much narrower use of the declaration. This theory is premised on the *necessity* for admitting the fact of complaint in sex crimes, because of the unique requirement that the sex crime be corroborated. In the absence of medical evidence, the victim's complaint to another might be the only available corroboration. Thus, "[t]he purpose of admitting fresh complaint testimony is ... in a sense, to meet in advance a charge of recent fabrication [which is implicit in the corroboration requirement] ...." *State v. Tirone*, 64 N.J. 222, 227, 314 A.2d 601, 604 (1974). If it does not meet the requirements of the spontaneous utterance theory, it has none of the guarantees of truthfulness of the hearsay exceptions.

---

11. But the corroboration in *Washington, supra,* included testimony of the victim's escort, held at gunpoint by the assailant's companion, who heard complainant scream and later saw her on the ground with her clothing in disarray. In addition, complainant promptly reported the incident to the police.

12. The main dissenting opinion is interspersed with phrases which have a certain acceptance, but have no essential significance in this particular case. In this jurisdiction—contrary to the notion of some authorities, such as the one who authored the quoted unpublished document contained in Chief Judge Newman's dissent—if a child sex complainant tells a parent, a friend, a police officer, or almost anyone about the sex incident, that is some corroboration as a matter of law under this court's decisions. It is highly unlikely that any eyewitness crime will be prosecuted unless the victim subsequently tells someone, including the police. Here, we are maintaining a minimum safeguard on child complainants in sex cases. As we have related (*see* note 5 *supra*), Circuit Judge J. Skelly Wright indicated very recently in an adult rape case that the defendant is entitled to instructions that would scarcely be permitted in the general run of other crimes, such as robbery. *United States v. Sheppard, supra.* This goes beyond this court's opinion in *Arnold, supra,* where we ·abandoned the corroboration requirement in adult rape cases. It appears to be a strong substitute for a corroboration instruction that does not alter the net effect upon a jury of their prior corroboration requirement all that much.

Therefore, the bare fact of the complaint may be introduced only for purposes of corroboration, *i.e.*, that the report was made, not for the truth of the matter asserted therein.

▮ If promptness of the report and circumstances of spontaneity tend to preclude fabrication, the testimony falls under the "spontaneous utterance" hearsay exception. *See, e.g., Bandoni v. United States*, D.C.Mun.App., 171 A.2d 748 (1961) (one hour not too long when declarant still influenced by stress or assault); *Baber v. United States*, 116 U.S.App.D.C. 358, 324 F.2d 390, *cert. denied*, 376 U.S. 972, 84 S.Ct. 1139, 12 L.Ed.2d 86 (1963) (victim's statement to father immediately after sexual assault); *Jones v. United States*, 91 U.S.App.D.C. 291, 231 F.2d 244 (1956) (5-year-old girl's statement to mother immediately following sexual assault admissible as spontaneous declaration); *Snowden v. United States*, 2 App.D.C. 89, 94 (1893) (res gestae hearsay exception is extended in cases of child abuse so that distraught young girl's statement to grandmother upon return home was admissible).

If the declaration loses the character of a spontaneous utterance, however, and becomes a calm narrative of a past event, it will be inadmissible under this exception. The trial judge has discretion to decide when a statement about a sex crime is a spontaneous utterance. *Beausoliel v. United States*, 71 App.D.C. 111, 107 F.2d 292 (1939) (6-year-old girl's response to mother's questioning of assault by taxicab driver a few minutes before). The fact that the statement is made in response to questioning is not decisive. Time elapsing between the crime and the report is not absolutely controlling either, although it is certainly of great significance. *Id.* at 114, 107 F.2d at 295. *See, e.g., Wheeler v. United States*, 93 App.D.C. 159, 211 F.2d 19, *cert. denied*, 347 U.S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140 (1953) (10-year-old girl, while still upset, went directly to grandmother's house within an hour of carnal abuse); *In re Lewis*, D.C.

Mun.App., 88 A.2d 582 (1952) (4-year-old child's statement to mother admissible since child had made statement while under the influence of recent sexual assault).

▮ The earliest conversation here occurred the next day after the assault; the other took place after a lapse of 10 and 12 days in response to questioning. Clearly none of the conversations were made while the child was still in the throes of the traumatic episode, before she could reflect. *See, e.g., State v. Thorpe*, 83 S.D. 499, 505, 162 N.W.2d 216, 219 (1968) (in prosecution for indecent molestation of minor, statements of 12-year-old victim to a neighbor more than 12 hours after commission and statement to mother 30 hours after commission were inadmissible and prejudicial to accused; age of victim and lapse of time removed details of any conversation from res gestae). Thus, the statements here were hearsay and could not be admitted under the spontaneous utterance exception for the truth of the details of complainant's account of the rape.

The evidence could nevertheless have been admitted as corroboration under the "complaint of rape" doctrine, not for the truth of the matter asserted, but merely for the fact that the statement was made. *See Evans v. United States, supra* (fact of complaint admissible even though made the day after sexual assault); *Smith v. United States*, 114 U.S.App.D.C. 140, 312 F.2d 867 (1962); *State v. Balles*, 47 N.J. 331, 221 A.2d 1 (1966), *cert. denied*, 388 U.S. 461, 87 S.Ct. 2120, 18 L.Ed.2d 1321 (1967). *See also Irvin v. State*, 66 So.2d 288 (Fla., 1953), *cert. denied*, 346 U.S. 927, 74 S.Ct. 316, 98 L.Ed. 419 (1954); *State v. Thomas*, 52 Wash.2d 255, 324 P.2d 821 (1958).

▮ An accusation of the prosecutrix in a sex crime "tends obviously to indicate the truth of the charge and is corroborative thereof; conversely, evidence of the failure to make a prompt complaint casts doubt upon the truth of the claim that a crime has been committed." 1 C. Torcia, Wharton's

Criminal Evidence § 313, at 113–14 (13th ed. 1972). *See also Stitely v. United States,* D.C.Mun.App., 61 A.2d 491 (1948) (complainant allowed on redirect to explain fact brought out on cross that she had waited two weeks to complain after occurrence of alleged sexual assault). The corroboration requirement in sex crimes is analogous to the government having the burden of refuting an implied charge of recent fabrication. After a charge of recent fabrication, prior consistent statements, that is to say, prior complaints, could be admitted to rehabilitate the complainant witness. *See State v. Tirone, supra.* Thus, Wigmore explains the admission of the "complaint of rape" as follows:

> [W]here nothing appears on the trial as to the making of such a complaint, the jury might naturally assume that none was made, and counsel for the accused might be entitled to argue upon that assumption. As a particularity, therefore, of this kind of evidence, it is only just that the prosecution should be allowed to forestall this natural assumption by showing that the woman was *not silent,* i.e., that a *complaint was in fact made.* [Wigmore, Evidence § 1135, at 298–99 (Chadbourn rev. 1972) (emphasis in original).]

"In rape cases, and increasingly in cases of sex offenses generally, evidence is admissible that the victim made complaint." McCormick on Evidence ch. 29, § 297 at 709 (2d ed. 1972). Under this theory, delay in making the complaint should not be fatal to its admissibility. "The only time requirement is that the complaint have been made without a delay which is unexplained or is inconsistent with the occurrence of the offense, in general a much less demanding time aspect than with the typical excited utterance situation." *Id.*

██ An early case in this jurisdiction, *Lyles v. United States,* 20 App.D.C. 559, 563 (1902), held that a statement to a physician made four weeks after an alleged rape was too remote from the occurrence and there-fore inadmissible, whereas a complaint made recently after the rape was admissible. On facts like those before us here, when there is an explanation for the delay in the child's fear of reprisals, the delay should not render the complaint inadmissible. *See, e.g., People v. Bonneau,* 323 Mich. 237, 35 N.W.2d 161 (1948) (7-year-old girl's statement to mother three days after event, in response to mother's continued questioning to discover reason for distress, was admissible, since child explained delay in complaining by fear of defendant's retaliation.) Unless the time lapse on reporting the incident is so long as to deprive the report of reliability, the length of time between the alleged sexual crime and the complaint affects the weight of the evidence in the minds of the jury, but does not diminish the testimony's legal sufficiency as corroboration.

Only the fact of the complaint should be admitted and not the details of the occurrence, since the testimony is offered to bolster the credibility of the complaint. Wigmore, Evidence § 1136, *supra* at 307. Thus, it was error in this case to admit a substantive detailed description of the occurrence as related by declarant to the witnesses. On remand, the testimony of Tawanda Coleman, the mother, and the police officer should be limited to the fact that a complaint was made. Moreover, the jury should be instructed that this testimony is to be considered solely for the purpose of corroborating the testimony of complainant.

*Reversed and remanded for a new trial.*

I

NEWMAN, Chief Judge, with whom KELLY and FERREN, Associate Judges, join, dissenting:

Since this court decided *Arnold v. United States,* D.C.App., 358 A.2d 335 (1976) (en banc), it has had several opportunities to consider the applicability of the corroboration requirement to child complainants in

sex offense cases.[1] The fact that this court is again faced with this issue illustrates the need for clarity in this area of the law. In *Arnold, supra*, we abolished the corroboration requirement in cases involving mature females. Because the reasons for abrogating the corroboration requirement for mature female victims apply equally to child victims, the requirement should be completely eliminated. I cannot participate in this court's perpetuation of this antiquated, discriminatory rule, and thus dissent.

## II

In our criminal justice system, a defendant is held to be innocent unless and until he is proven guilty beyond a reasonable doubt. In cases in which a jury is the factfinder, the jury must be instructed to acquit the defendant of any part of the offense to which there is a reasonable doubt and convict him of any part to which there is no reasonable doubt. 1 C. Torcia, Wharton's Criminal Evidence, § 7 (13th ed. 1972). The jury must make this critical determination based on the admitted evidence and inferences drawn therefrom. *Id.* When this evidence is in the form of oral testimony, it is the jury's task to weigh the credibility of the witnesses. *Shelton v. United States*, 83 U.S.App.D.C. 257, 259, 169 F.2d 665, 667, *cert. denied*, 335 U.S. 860, 69 S.Ct. 24, 93 L.Ed. 387 (1948); *Morgan v. District of Columbia*, D.C.Mun.App., 104 A.2d 604 (1954) (per curiam). The jury must view the demeanor of the witness and decide whether or not to believe his testimony based upon such factors as whether his character has been impugned or whether he exhibits some bias, motive, or prejudice. 1 C. Torcia, *supra*, § 7.

In most cases, it is possible to convict a defendant of a crime based upon the uncorroborated testimony of only one witness as long as that witness' credibility has not been impeached. There are some exceptions to this general rule. The testimony of at least two witnesses is required for a conviction of treason[2] or perjury.[3] In the District of Columbia, there is a third exception for sex offense cases.[4] Unless the victim of a sex offense is a mature female, there can be no conviction without corroboration of the complainant's testimony.[5]

---

1. *See In re L. A. G.*, D.C.App., 407 A.2d 688 (1979); *Davis v. United States*, D.C.App., 396 A.2d 979 (1979); *In re J. W. Y.*, D.C.App., 363 A.2d 674, 677 (1976).

2. U.S.Const. art. III, § 3. *See also Kawakita v. United States*, 343 U.S. 717, 736, 72 S.Ct. 950, 962, 96 L.Ed. 1249 (1952).

3. *Weiler v. United States*, 323 U.S. 606, 608–10, 65 S.Ct. 548, 549–50, 89 L.Ed. 495 (1945).

4. As of 1972, seven jurisdictions had a corroboration requirement and eight required either limited corroboration or corroboration only in certain factual circumstances. Thirty-five had no such requirement. *See* Note, *The Rape Corroboration Requirement: Repeal Not Reform*, 81 Yale L.J. 1365, 1367–68 (1972). Five of the jurisdictions that required some form of corroboration have since eliminated the requirement. *See* Ga.Code Ann. § 26–2001 (1980 Supp.) (Acts 1978, p. 3, deleted corroboration requirement); Iowa Code Ann. § 709.6 (West 1978); Minn.Stat. § 609.347, subd. 1 (1981 Supp.); N.M.Stat.Ann. § 30–9–15 (1978); V.I. Code Ann. (1980 Supp.) (tit. 14, § 1706 repealed Aug. 4, 1978, No. 4172, Sess.L.1978, p.

168). Two states, Idaho and Nebraska, still require corroboration in all sexual assault cases. *See* Idaho Code § 18–6101 (1979); *State v. Aby*, 205 Neb. 267, 287 N.W.2d 68 (1980). Seven jurisdictions (including the District of Columbia) require corroboration only in certain limited factual circumstances. *See Territory v. Hays*, 43 Haw. 58, 62 (1958); Miss. Code Ann. § 97–3–69 (1972); *State v. Lee*, 404 S.W.2d 740, 747 (Mo.1966); N.Y.Penal Law § 130.16 (McKinney 1975), *People v. Fuller*, 50 N.Y.2d 628, 431 N.Y.S.2d 357, 409 N.E.2d 834 (1980); Tenn.Code Ann. §§ 39–3701, 39–3710 (1980); *Villareal v. State*, 511 S.W.2d 500, 501–02 (Tex.Cr.App.1974).

5. The "Redbook" instruction on corroboration reads as follows:

The law does not permit a conviction of (*crime charged*) on the basis of the testimony of the complaining witness standing alone. Corroboration of [his] [her] testimony is required in two respects: first, to prove that the offense on trial was committed; and second, to prove that the defendant committed it.

The requirement of corroboration means that there must be evidence, independent of

Why should corroboration ever be required in sex offense cases? The requirement certainly did not exist in the common law,[6] nor is there any reason for its current perpetuation. Several justifications for the requirement have been posited. One such justification is the frequency of false charges of sex offenses, particularly rape. Note, *The Rape Corroboration Requirement: Repeal Not Reform*, 81 Yale L.J. 1365, 1373 (1972). It is the jury's function, however, to determine if the complaining witness' testimony is credible. The decision to take this determination out of the hands of the jury is based upon a number of ideas about women, including the idea that they may bring false charges for revenge, notoriety, blackmail, or out of pure hatred. *Id.* (citations omitted). *See also Coltrane v. United States*, 135 U.S.App.D.C. 295, 298–99, 418 F.2d 1131, 1134–35 (1969). Statistics show, however, that rape is one of the most under-reported crimes. Federal Bureau of Investigation, Uniform Crime Reports 1970, at 14 (1971). The humiliation, publicity, and strain of a rape trial serve to discourage victims from prosecuting or even reporting the crime.

A second justification for the corroboration requirement is that the jury will be unfairly prejudiced against the defendant because of the emotion raised by a charge of rape. The current system, however, provides ample protection for defendants by allowing defense attorneys to challenge overly emotional jurors during voir dire. Furthermore, evidence shows that juries are quite suspicious of rape charges and rarely return convictions in the absence of aggravating circumstances, such as extrinsic violence. Note, *supra* note 4, at 1380.

Considering this relative rarity of rape convictions, a third justification—difficulty in defending against an accusation of rape[7] —also loses much of its force. None of the aforementioned justifications is strong enough to warrant a prior determination that all defendants in sex offense cases will be acquitted if the victim's testimony is not corroborated.

### III

This court recognized the unfairness of the corroboration requirement when it partially eliminated it in *Arnold v. United States, supra*. There, the court held that "no instruction directed specifically to the credibility of any mature female victim of rape or its lesser included offenses and the necessity for corroboration of her testimony shall be required or given in the trial of any such case in the District of Columbia court system." *Id.* at 344. In so holding, the

the testimony of the complaining witness, of facts and circumstances which tend to support the complainant's testimony. It is not necessary that corroboration be furnished by eye witnesses. Corroboration can be direct evidence or circumstantial evidence, or both.

With respect to corroboration that the offense was committed, it is not necessary that each and every element of the offense be corroborated or that corroboration be provided by a certain type of evidence. However, there must be sufficient corroborative evidence when considered with the complainant's testimony to permit you to find beyond a reasonable doubt that the complaining witness's testimony regarding the commission of the offense is not a fabrication.

If you should find that the complaining witness's testimony about the occurrence of the crime is sufficiently corroborated, you should then consider the matter of identification. The corroboration of the complainant's identification of the defendant may be provided by independent evidence of facts and circumstances which tend to support [his] [her] testimony that the defendant committed the offense. However, if you should find that the complainant made a convincing identification of the defendant based upon an opportunity which minimized the danger of mistake or falsification, then there is no need for further corroboration of [his] [her] identification of the defendant.

If you do not find that the complaining witness's testimony was sufficiently corroborated as defined above, then you must find the defendant not guilty. [*Criminal Jury Instructions for the District of Columbia*, No. 4.78 (3d ed. 1978).]

6. 7 Wigmore, Evidence, § 2061, at 342 (Chadbourn rev. ed. 1978).

7. *See* Note, *supra* note 4, at 1382–84.

court rejected the notion that the victim of rape and other sex offenses is so "presumptively lacking in credence that corroboration of her testimony is required to withstand a motion for a judgment of acquittal." *Id.* The court also stated that the corroboration requirement serves no legitimate purpose because there are adequate constitutional protections available to every defendant in a sex case. *Id.* at 343.

In light of the court's stated reasons for abolishing the requirement in cases involving mature female victims, it is difficult to understand why the requirement was maintained in cases in which the victim is a child. The majority's justification for distinguishing between "mature" females and other complainants lies in its apparent belief that there is a greater danger of false accusations in sex offense cases involving child victims.[8] Current psychiatric opinion, however, indicates that this belief is unwarranted. According to Dr. Alvin Rosenfeld, Director of Training and Child Psychiatry at the Stanford University School of Medicine, "if a person who is free from major psychiatric illness gives a clear report of molestation which occurred after the age of about nine, it will usually be accurate." Rosenfeld, *Fantasy and Reality in Patients' Reports of Incest*, 40 J. Clinical Psych. 159, 161 (1979). Another authority in the field, Dr. Joseph Peters, has concluded that "psychiatrists and others have too often discounted reports of sexual attacks upon children and ascribed the incident to fantasy." *See* Peters, *Children Who Are Victims of Sexual Assault and the Psychology of Offenders*, 30 Am. J. Psychotherapy 398 (1976). Child sexual abuse has been described as "one of the most under-reported crimes in our society" and studies have shown that "some form of childhood sexual abuse may be experienced by as much as one-third of the population." MacFarlane, *Sexual Abuse of Children*, in The Victimization of Women 85–86 (1978) (citations omitted).

Authorities in this jurisdiction have also recognized the prevalence of child sexual abuse and the problems attributed to the corroboration requirement. Representatives of the Child Sexual Abuse Victim Assistance Project at the Children's Hospital National Medical Center have made the following observations:

> In our experience, virtually all of the cases investigated by the Sex Offense Branch of the Metropolitan Police Department that are not prosecuted are rejected by screening prosecutors because corroboration is lacking. Children are not usually forcibly raped by a stranger; instead, they are cajoled, bribed or threatened by someone they know. We have found this in 80% of our cases. As a result there may be no medical evidence at all. Children are sexually victimized in situations where there are no eyewitnesses. Many children do not immediately exhibit visible symptoms of emotional distress; instead their behavior may change in subtle, misunderstood ways. As a result, the District of Columbia Court of Appeals has perpetuated an invidiously discriminatory rule of law that is based upon fallacious and outdated assumptions of child development and behavior, the nature of sexual victimization, and medicine, the result of which allows those who sexually abuse children to go unpunished. The corroboration rule is a rule whose time should have passed. [Public Hearing No. 4 on Bill No. 3–226, "District of Columbia Basic Criminal Code Act of 1979," February 21, 1980 (unpublished testimony, p. 4).]

It is quite ironic that this archaic obstacle to prosecution has been maintained in cases involving children—the victims most in need of protection. While the *Arnold* court did much to alleviate discrimination against women in this area of the law, the maintenance of the corroboration requirement in its present form only serves to perpetuate

---

8. The majority cites Guttmacher and Weihofen, Psychiatry and the Law 374 (1952), in support of this contention.

discrimination against children of both sexes as well as adult male victims.[9]

I do not contend that all child victims of sexual offenses are credible witnesses. Yet neither are all adult witnesses credible. The point is that there can be no predetermination of the credibility of any class of witnesses. This determination is to be made at trial by the jury. Therefore, there should not be a presumption that a child lacks credence merely by virtue of age. Although the jury instruction on children's testimony states that "children are likely to be more suggestible than adults," it also states that "a child is not disqualified as a witness merely by reason of his youth." The instruction further states:

> As in the case of all other witnesses, you are the sole judges of the credibility of the child who has testified in this case. In weighing his testimony you may consider not only his age, but his demeanor on the stand; his manner of testifying; his capacity to observe facts; his capacity to recollect them; his ability to understand the questions put to him and to answer those questions intelligently; whether he impresses you as having an accurate memory and recollection; whether he impresses you as a truth-telling individual; and any other facts and circumstances bearing on his credibility. You should give his testimony such weight as in your judgment it is fairly entitled to receive. [*Criminal Jury Instructions for the District of Columbia*, No. 2.21 (3d ed. 1978).]

The fact that this cautionary instruction may be given assures the defendant of additional protection in cases involving child victims, even in the absence of the corroboration requirement.

## IV

The defendant accused of a sex offense deserves no more protection than one accused of murder, kidnapping, or any other heinous crime. As the law currently stands, however, defendants in sex offense cases do receive special protective treatment. For example, if a minor is kidnapped and robbed at gunpoint, the perpetrator may be convicted on the uncorroborated testimony of the minor victim. However, if that same child is kidnapped, robbed at gunpoint, and then raped, the defendant may not be convicted of the rape in the absence of corroboration. I see no justification for this irrationality in the law.

Assuming, arguendo, that the sex offense defendant does deserve additional protection, the corroboration requirement is neither the only nor a just means of providing such protection. Rather than maintaining corroboration as a strict prerequisite to conviction, it could be one of a number of factors to be considered by the jury during its deliberations. Juries in all sex offense cases could, at the option of the trial judge, be given a special instruction enumerating these factors, in addition to the ordinary final instructions appropriate in the particular case. The following is an example of such an instruction:

> The nature of the crime of (*crime charged*) is such that the substantive evidence presented often consists of the conflicting testimonies of the defendant and the complainant. Because of this fact, you must examine the evidence presented with care and caution.
>
> In addition to proving the credibility of the witnesses, you should consider a number of relevant factors in reaching your decision. These factors may include:
>
> (1) Whether there was any delay by the complainant in reporting the incident
>
> (2) Whether the complainant had a motive to falsify charges
>
> (3) Inconsistent or improbable testimony by the witnesses

---

**9.** If an adult male is compelled to commit sodomy at gunpoint, the defendant could be convicted of assault with a deadly weapon without corroboration. The act of sodomy, however, would require corroboration. There is no justification for this anomaly.

(4) Evidence of facts and/or inconsistencies which support the complainant's testimony.

You should not consider any *one* of these factors as decisive, but rather your decision should be based on the evidence presented. These factors, considered as a whole, should assist you in weighing the evidence before you.

The above instruction provides ample protection for the defendant, yet does not preclude prosecution based on the testimony of a single credible witness. This solution is much more equitable than the one-sided result often produced by the strict corroboration requirement.

## V

Besides the unfairness of the requirement and the existence of a more equitable alternative, the corroboration requirement is also problematic in that it creates an anomaly in the law. There are currently two different standards for sex offense convictions in the District of Columbia, depending upon whether the offender is charged in Superior Court or District (federal) Court. In *United States v. Sheppard*, 186 U.S.App. D.C. 283, 569 F.2d 114 (1977), the United States Court of Appeals for the District of Columbia Circuit eliminated the corroboration requirement in all sex offense cases, regardless of the victim's age. In so doing, that court recognized that "the mere existence of the rule may encourage victims never to report, and prosecutors never to bring charges for, rapes in which independent corroboration is absent or marginal." *Id.* at 287, 569 F.2d at 118. The court further recognized that there are ample safeguards for the protection of defendants in sex offense cases:

> Where the motivation of the complainant in bringing the charge is an issue, . . . the defense attorney is free to emphasize to the jury the dangers of falsification, and the judge should instruct the jury as to

those dangers and the difficulty of establishing consent. Finally, protection against unjust convictions on a case-by-case basis is afforded by the general rule that judgments of acquittal or reversals of convictions must be granted where substantial evidence does not exist to support a guilty verdict, whether or not independent corroboration is technically present. [*Id.* 287–88, 569 F.2d at 118–19.]

As the law now stands in the District of Columbia, a minor victim of a sex offense may or may not have to produce corroboration, dependent upon whether the United States Attorney chooses to charge the defendant with a local or a federal crime. There is simply no justification for this difference in law within this jurisdiction.

The corroboration requirement was judicially created [10] and it is highly appropriate that it be judicially abolished. If this court can recognize the unfairness of the rule as it operates against mature females, it cannot justify maintaining the rule in cases involving children. It is long past the time that this court should follow the example of most of the jurisdictions in this country [11] and totally eliminate the last vestiges of this outdated, discriminatory rule. I am unable to join in its refusal to do so. I dissent.

MACK, Associate Judge, dissenting:

I see no justification for requiring corroboration in sex offenses based upon distinctions between a "mature" female complainant (*see Arnold v. United States*, D.C.App., 358 A.2d 335 (1976) (en banc)) or any other complainant—male or female, adult or minor. In this en banc posture again, and having taken the route we took in *Arnold*, I agree with Chief Judge Newman, that with appropriate safeguards, we should abolish the requirement across the board.

I respectfully dissent.

---

**10.** *See Arnold v. United States, supra* at 343.

**11.** *See* note 4, *infra.*